Robert A. Bailey (#214688)
rbailey@afrct.com
Michael Rapkine (#222811)
mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage FSB and World Savings
Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| Rosemary Greene,<br><br>                    Plaintiff,<br><br>        v.<br><br>Wells Fargo Bank, N.A.,<br><br>                    Defendant. | CASE NO.: 4:15-CV-00048-JSW<br><br>[The Hon. Jeffrey S. White]<br><br>**WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br>Date:   March 13, 2015<br>Time:   9:00 a.m.<br>Ctrm:   5 (2nd Floor) |

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo") hereby submits this reply brief in support of its motion to dismiss. (Doc. 12).

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

1. INTRODUCTION ................................................................................................................ 1

2. THE DUAL TRACKING CLAIM IS PLAGUED WITH DEFECTS ............................. 2

3. THE SECTION 2923.7 CLAIM IS LIKEWISE DEFECTIVE ........................................ 4

4. THE UCL CLAIM IS CONCLUSORY AND MERITLESS ............................................ 5

5. PLAINTIFF'S OBJECTIONS TO THE EXHIBITS AND CITATIONS OFFERED BY WELLS FARGO IS A RED HERRING .................................................... 7

6. CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Boring v. Nationstar Mortg., LLC*,
  2014 U.S. Dist. LEXIS 1706, *9 (E.D. Cal. Jan. 6, 2014) ................................................. 5

*DeLeon v. Wells Fargo Bank, N.A.*,
  2011 U.S. Dist. LEXIS 8296, *21 (N.D. Cal. Jan 28, 2011) ............................................... 7

*DeLeon v. Wells Fargo Bank, N.A.*,
  729 F. Supp. 2d 1119 (N.D. Cal. June 9, 2010) ................................................................ 8

*Diamos v. Specialized Loan Servicing, LLC*,
  2014 U.S. Dist. LEXIS 158092, *9 (N.D. Cal. Nov. 7, 2014) ............................................ 4

*Harris v. Wells Fargo Bank, N.A.*,
  2013 U.S. Dist. LEXIS 61847, *8 (N.D. Cal. Apr. 30, 2013) ............................................ 7

*Kuoha v. Equifirst Corp.*,
  2009 U.S. Dist. LEXIS 94699, *13 (S.D. Cal. Oct. 7, 2009) ............................................. 6

*Maomanivong v. Nat'l City Mortgage Co.*,
  2014 U.S. Dist. LEXIS 130513, *58, 61 (N.D. Cal. Sept. 15, 2014) .................................. 6

*Nguyen v. Wells Fargo Bank, N.A.*,
  749 F. Supp. 2d 1022 (N.D. Cal. Oct. 25, 2010) ............................................................... 8

*Rockridge Trust v. Wells Fargo, N.A.*,
  2014 U.S. LEXIS 22234 (N.D. Cal. Feb. 19, 2014) .......................................................... 5

*Stiles v. Wells Fargo Bank*,
  2014 U.S. Dist. LEXIS 173096, *2-3 (N.D. Cal. Dec. 15, 2014) ....................................... 7

*Villa v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 23741, *6-7 (S.D. Cal. Mar. 15, 2010) ......................................... 6

*Williams v. Wells Fargo Bank, N.A.*,
  2014 U.S. Dist. LEXIS 17215, *24 (C.D. Cal. Jan. 27, 2014) ........................................... 4

**STATE CASES**

*Conrad v. Bank of America*,
  45 Cal. App. 4th 133 (1996) .............................................................................................. 5

*Fields v. Napa Milling Co.*,
  164 Cal. App. 2d 442 (1958) ............................................................................................. 5


*McAllister v. Clement*,
  75 Cal. 182 (1888) ......................................................................................................5

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17204 ......................................................................................6

Cal. Civ. Code § 2923.4..................................................................................................6

Cal. Civ. Code § 2923.6..........................................................................................1, 2, 3

Cal. Civ. Code §§ 2923.6 and 2923.7 ..............................................................................5

Cal. Civ. Code § 2923.6(c)..............................................................................................2

Cal. Civ. Code § 2923.6(g).........................................................................................2, 3

Cal. Civ. Code § 2923.7..........................................................................................1, 4, 5

Cal. Civ. Code §§ 2923.7 and 2924.18 ............................................................................1

Cal. Civ. Code § 2923.7(a)..............................................................................................4

Cal. Civ. Code § 2923.7(e)..............................................................................................4

Cal. Civ. Code § 2924.6..................................................................................................2

Cal. Civ. Code § 2924.12................................................................................................5

Cal. Civ. Code § 2924.18...........................................................................................1, 2

Cal. Civ. Code § 2924.18(b)............................................................................................2

Cal. Civ. Code §§ 2927(b)-(d) ........................................................................................4

**RULES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................7

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a home loan that plaintiff obtained from Wells Fargo's predecessor in 2007, and plaintiff's default in December 2009.[1] Although plaintiff has not made a mortgage payment in over five years, she challenges Wells Fargo's right to complete a non-judicial foreclosure. Specifically, plaintiff contends that Wells Fargo has violated the California Homeowners' Bill of Rights (the "HBOR") by engaging in "dual tracking" (Comp. ¶¶ 3-10) and failing to provide a meaningful "single point of contact" during the loan modification review process. (Comp. ¶¶ 12-13). Based on this purported conduct, plaintiff alleges that her lender violated Civil Code §§ 2923.7 and 2924.18. The complaint also asserts a derivative claim for unfair competition.

As detailed in Wells Fargo's motion to dismiss, this suit is plagued by several incurable defects. First, plaintiff's anti-dual tracking claim under Civil Code § 2924.18 fails because this provision only applies to small lenders. Equally important, plaintiff cannot state a viable claim under the counterpart provision that applies to large banks (Civil Code § 2923.6), for among other reasons, plaintiff was previously rejected for a loan modification and therefore was not entitled to another modification review absent a material change in financial circumstances. Furthermore, the claim under Civil Code § 2923.7 is insufficiently plead, and the skeletal complaint is devoid of facts to show that any purported HBOR violation was "material."

Plaintiff's opposition is full of vitriol and melodrama, yet it fails to provide meaningful analysis or authority that would salvage any claim. Accordingly, Wells Fargo respectfully requests that the Court dismiss this action with prejudice, for the reasons articulated in the pending motion and expounded upon in this reply brief.

/ / /

---

[1] The most recent notice of default recorded with respect to plaintiff's loan reflects that: "payment has not been made of: THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 12/1/2009 AND ALL SUBSEQUENT INSTALLMENTS. . ." (RJN, Exh. N at pp. 2-3). At the time this notice of default was recorded in August 2013, plaintiff's arrearage already stood at $144,162.76. (RJN, Exh. N. at p.1).

## 2. THE DUAL TRACKING CLAIM IS RIDDLED WITH DEFECTS

As briefed in Wells Fargo's motion, plaintiff's first cause of action fails as a matter of law, because the "dual tracking" provision of Civil Code § 2924.18 only applies to lenders that "foreclosed on 175 or fewer residential real properties" in the preceding annual reporting period. Civil Code § 2924.18(b). There are no factual allegations that Wells Fargo foreclosed on 175 or fewer properties last year, and there can be no reasoned contention that Wells Fargo falls into this "small lender" category. Accordingly, any claim under Section 2924.18 is incapable of amendment.

In response, the opposition concedes this point and focuses on the counterpart anti-dual tracking provision that applies to large lenders, Civil Code § 2923.6.[2] Pursuant to Section 2923.6(c), "[i]f a borrower submits a complete application for a first lien loan modification . . . a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." However, an amended complaint that alleges a claim under this provision would be futile for several critical reasons.

First, Civil Code § 2923.6(g) was enacted to ensure that delinquent borrowers do not take advantage of California's anti-dual tracking provision by submitting countless modification applications. Section 2923.6(g) provides:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, *the mortgage servicer shall not be obligated to evaluate applications from borrowers…who have been evaluated* or afforded a fair opportunity to be evaluated consistent with the requirements of this section, *unless there has been a material change in the borrower's financial circumstances* since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

(Emphasis added).

///

---

[2] The opposition repeatedly cites to "Civil Code § 2924.6", which is almost certainly a typographical error. (Opp., 2: 2-14). Given that the conduct being alleged is dual tracking, it is likely that plaintiff intended to cite to Civil Code § 2923.6. Section 2924.6 deals with certain restrictions placed on acceleration clauses within a trust deed.

The opposition insists that "[plaintiff] has never pled that she sought a prior modification of this loan", and argues that the Court may not look outside the four corners of the complaint when ruling on a 12(b)(6) motion. (Opp., 3: 14-18). Plaintiff is incorrect on both points, for her prior action against Wells Fargo did allege a loan modification denial in 2013, and these allegations amount to an admission in a judicially noticeable record. Specifically, the complaint filed on May 14, 2013 in Alameda County Superior Court (Case No. RG13679537) contained the statement that: "It was not until recently that Plaintiff received a [modification] denial based on alleged reasons that the amortized amount [sic] due could not fit the 31% of gross income guideline provided under HAMP." (RJN, Exh. I (Prior Comp. ¶ 16) (*see also*, Prior Comp. ¶ 41: "Defendants unfairly denied Plaintiff a loan modification . . ."). Because plaintiff was already reviewed for a potential modification in 2013, she would have to allege a material change in financial circumstances to be entitled to yet another review, and there are no allegations in the present action to that effect.

In an attempt to salvage her dual tracking theory, plaintiff adds that "the actions of either party prior to January 1, 2013, have absolutely no bearing to any HBOR analysis due to the lack of retroactive application of the statute." (Opp., 3: 19-20; see also, Opp., 2:16 – 3:8). Plaintiff misapprehends the plain language of Civil Code § 2923.6 and the concept of retroactivity. Section 2923.6(g) stands for the proposition that if a borrower was previously rejected for a modification at any time, they do not have a right to be reevaluated absent a showing that their finances have materially changed. It is true that the HBOR is not retroactive in nature, but this only means that prior to 2013, dual tracking was not prohibited by the Civil Code.

In addition, it does not even appear that Wells Fargo committed dual tracking from the allegations in the complaint. After all, it is alleged that after plaintiff's submission of a financial package on October 20, 2014, the bank's representative (Tamara Harris) "requested certain specific additional pieces of information from [plaintiff]." (Comp. ¶¶ 3, 6). The notice of trustee's sale was recorded on November 7, 2014, and plaintiff supplied the additional documentation to Wells Fargo on November 13, several days after the notice of sale was recorded. (Comp. ¶¶ 5-6; RJN, Exh. O).

### 3. THE SECTION 2923.7 CLAIM IS LIKEWISE DEFECTIVE

With respect to plaintiff's second claim (Comp. ¶¶ 11-13), Wells Fargo's motion explains that lenders are not required to automatically establish a SPOC for every borrower that submits a loan modification application. Borrowers must *affirmatively* request a SPOC. See e.g., *Diamos v. Specialized Loan Servicing, LLC*, 2014 U.S. Dist. LEXIS 158092, *9 (N.D. Cal. Nov. 7, 2014) ("the complaint never alleges that [plaintiff] made a specific request for a single point of contact as required by § 2923.7."); *Williams v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 17215, *24 (C.D. Cal. Jan. 27, 2014) ("the text of section 2923.7 requires that the borrower make a specific request for a single point of contact. Cal. Civ. Code § 2923.7. The Complaint does not allege that Plaintiffs made any such request."). After all, the plain language of the statute uses the term "request(s)" twice, stating: "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Civ. Code § 2923.7(a).

Here, the complaint is devoid of facts that plaintiff ever requested a SPOC in connection with her modification review. Not to mention that plaintiff concedes that she dealt directly with Wells Fargo representative Tamara Harris. (Comp. ¶ 6). Plaintiff's real gripe appears to be that she dealt with additional bank representatives, and that plaintiff could not ultimately secure a loan modification. However, such allegations are not actionable.

First off, plaintiff complains that "[she] was shuttled around a veritable phone tree of Wells Fargo representatives" (Comp. ¶ 13); however, Civil Code § 2923.7(e) clearly specifies that "[f]or purpose of this section, 'single point of contact' means an individual **or team of personnel** each of whom has the ability and authority to perform the responsibilities described in [Civil Code §§] (b) to (d), inclusive." (emphasis added). Furthermore, one cannot state a claim by simply alleging that a SPOC was "not helpful", for if left up to delinquent borrowers to make this determination, the only acceptable SPOC would be a bank representative that secured a favorable modification for the borrower.

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Equally important, an allegation that plaintiff was transferred to a new SPOC is not actionable, for there is no guarantee that a bank representative will not change employment. In *Boring v. Nationstar Mortg., LLC*, 2014 U.S. Dist. LEXIS 1706 (E.D. Cal. Jan. 6, 2014), the plaintiff alleged a violation of Civil Code § 2923.7 on the basis that his SPOC had changed three (3) times during 2013. In granting the lender's motion to dismiss, the district court held that plaintiff's claim was "premised on the erroneous conclusion that this statute proscribed Nationstar from changing [the] 'original single point of contact' ('SPOC') to three other SPOCs in May and June 2013." *Boring*, 2014 U.S. Dist. LEXIS at *9.

On a final note, even if plaintiff had adequately stated a violation under Civil Code §§ 2923.6 or 2923.7, she has not offered any facts that the violation was "material" – in other words, that it resulted in actual harm. *Rockridge Trust v. Wells Fargo, N.A.*, 2014 U.S. LEXIS 22234, *78-79 (N.D. Cal. Feb. 19, 2014) ("In order to properly allege a claim under section 2923.7, a plaintiff must allege that a violation of the provision was the cause of actual economic damages."). After all, Civil Code § 2924.12 requires that a borrower must demonstrate a material violation to have any remedy under the HBOR.

Here, the pleadings concede that plaintiff experienced serious financial hardship due to the 2008 recession, leading to a default on the loan in December 2009. (Comp. ¶ 2; RJN, Exh. N). Indeed, the law is settled that without any damages, a plaintiff has no remedy and without a remedy, there is no viable claim. See e.g., *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 159 (1996) ("Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages"); *Fields v. Napa Milling Co.*, 164 Cal. App. 2d 442, 448 (1958) ("a wrong without damage does not constitute a cause of action for damages . . ."); *McAllister v. Clement*, 75 Cal. 182, 184 (1888) ("But it is clear that no action will lie to recover damages if no damages have been sustained.").

For the foregoing reasons, Wells Fargo submits that plaintiff's second claim is incapable of amendment, and should be dismissed with prejudice along with the rest of the complaint.

### 4. THE UCL CLAIM IS CONCLUSORY AND MERITLESS

Plaintiff's final claim is entirely derivative in nature, predicated on Wells Fargo's

purported dual tracking and failure to provide a single point of contact. (Comp. ¶¶ 14-18). Because the prior claims in the complaint suffer from incurable shortcomings, the UCL claim falls by the wayside.

Furthermore, a private litigant must be able to allege that they lost money or property as a result of the unfair competition. B&P Code § 17204. Here, plaintiff has not satisfactorily alleged any loss, especially given the fact that she defaulted on the loan due to an inability to make payments, rather than due to purported wrongdoing by Wells Fargo. (Comp. ¶ 2: "Ms. Green experienced a substantial drop in her income and consequently fell behind on her monthly mortgage payments."). Furthermore, even if plaintiff had qualified for a loss mitigation program, Wells Fargo was not required to modify the subject loan.[3] Accordingly, it is difficult to understand how Wells Fargo's actions in processing plaintiff's requests for a loan modification resulted in actual damages.

This standing issue was recently addressed in *Maomanivong v. Nat'l City Mortgage Co.*, 2014 U.S. Dist. LEXIS 130513, *58 (N.D. Cal. Sept. 15, 2014), with the plaintiff alleging that the non-judicial foreclosure put her home "in jeopardy" and resulted in the loss of money. In dismissing the UCL claim with prejudice, the district court explained:

> Plaintiff has pointed the court to no other cases, and the court has found none in its own research, in which a court has found that a homeowner has standing to bring a UCL claim against a lender for the lender's allegedly unlawful, unfair, or fraudulent conduct occurring after the homeowner's default, where the default was not induced by the conduct of the lender and where the conduct has not yet led to a foreclosure sale.

---

[3] Case law is clear that there is no statute that compels a lender to modify a loan. See e.g., *Kuoha v. Equifirst Corp.*, 2009 U.S. Dist. LEXIS 94699, *13 (S.D. Cal. Oct. 7, 2009) ("The Complaint can state 'no cognizable claim that [any Defendant] was required to modify [plaintiffs'] loans in that Section 2923.5 imposes no such mandate.'"); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, *6-7 (S.D. Cal. Mar. 15, 2010) (the federal Home Affordable Modification Program does not even require loan servicers to modify <u>eligible</u> loans). Similarly, the HOBR imposes no affirmative obligation on lenders to extend a modification. Pursuant to Civil Code § 2923.4, "[t]he purpose of the act . . . is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer . . .". Section 2923.4 then clarifies that: "Nothing in the act that added this section, however, shall be interpreted to require a particular result of that [review] process."

*Maomanivong,* 2014 U.S. Dist. LEXIS at *61.

Another illustrative case is *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan 28, 2011), in which plaintiffs brought a UCL claim after the trustee's sale, alleging that the bank conducted a wrongful foreclosure. The court held that: "the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default . . . it does not appear that [the bank's] conduct resulted in a loss of money or property. For this reason, Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed." *DeLeon,* 2011 U.S. Dist. LEXIS at *21.

### 5. PLAINTIFF'S OBJECTION TO THE EXHIBITS AND CASE LAW OFFERED BY WELLS FARGO IS A RED HERRING

In support of its motion, Wells Fargo attached the following documents to its Request for Judicial Notice (Doc. 13): public records evidencing the corporate transition from plaintiff's original lender (World Savings Bank, FSB) to Wells Fargo (RJN, Exhs. C – G); the promissory note and recorded deed of trust for the loan at issue (Exhs. A and B); a loan modification that plaintiff secured in May 2009 (Exh. H); a prior complaint that plaintiff filed against Wells Fargo and the accompanying court docket (Exhs. I and M); the dockets for two bankruptcies filed by plaintiff (Exh. K); and recorded foreclosure notices with respect to the property. (Exhs. J, L, N, O).

Plaintiff objects to the admissibility of each exhibit on the grounds that these records constitute "extrinsic evidence not appropriate for a Rule 12(b)(6) motion to dismiss." (Doc. 21 at 2: 11-12). Plaintiff's objection is misplaced with respect to the bulk of Wells Fargo's exhibits, for countless courts in the Northern District alone have taken judicial notice of a recorded deed of trust signed by the borrower, subsequent recorded foreclosure notices, bankruptcy filings, and previous complaints filed by the plaintiff. See e.g., *Stiles v. Wells Fargo Bank*, 2014 U.S. Dist. LEXIS 173096, *2-3 (N.D. Cal. Dec. 15, 2014) (the district court took judicial notice of the recorded trust deed and foreclosure notices); *Harris v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 61847, *8 (N.D. Cal. Apr. 30, 2013) (court took judicial notice of recorded foreclosure

1  notices and documents from plaintiff's bankruptcy proceeding).  In addition, there is ample
2  authority that a court may take judicial notice of public records issued by the OTS, the OCC, and
3  the FDIC, which evidence the transition from World Savings to Wells Fargo.  See e.g., *DeLeon*
4  *v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D. Cal. June 9, 2010); *Nguyen v.*
5  *Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1031 (N.D. Cal. Oct. 25, 2010) (same).

6  However, plaintiff's objection to the promissory note and 2009 modification agreement
7  are well taken, and the Court may therefore disregard these documents. (RJN, Exhs. A and H).
8  Unlike the rest of Wells Fargo's exhibits, the note and modification agreement are not public
9  records and this particular action does not "necessarily rely" upon these documents.  That being
10 said, plaintiff's objections are irrelevant, for they do nothing to cure the fatal infirmities that
11 plague the three claims in the complaint.

12 The same is true with respect to plaintiff's objection to a handful of unpublished cases
13 cited in the bank's motion to dismiss. (Doc. 22).  Although these cases are merely persuasive
14 rather than binding precedent, there is a wealth of case law and statutory authority in Wells
15 Fargo's motion that demonstrates the inadequacy of plaintiff's claims.

### 6. CONCLUSION

17 For the reasons set forth above and in its moving papers, Wells Fargo requests that its
18 motion to dismiss be granted as to each claim in the complaint without leave to amend.

20                                         Respectfully submitted,

21 Dated:  February 9, 2015               ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP

24                                        By:   /s/ Michael Rapkine
                                              Michael Rapkine
                                              mrapkine@afrct.com
25                                            Attorneys for Defendant
                                              WELLS FARGO BANK, N.A., successor by
26                                            merger with Wells Fargo Southwest, N.A., f/k/a
                                              Wachovia Mortgage, FSB and World Savings
27                                            Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

**Attorneys for Plaintiff**

Aldon L. Bolanos, Esq.
LAW OFFICES OF ALDON L. BOLANOS
Seven-Hundred "E" Street
Sacramento, CA  95814
Tel: 916.446.2800 | Fax: 916.446.2828
Email: aldon@aldonlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **February 9, 2015**.

| Barbara Cruz | */s/ Barbara Cruz* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP