Aldon L. Bolanos, Esq., State Bar No. 233915
**Law Office of Aldon Bolanos**
Seven-Hundred "E" Street
Sacramento, California 95814
Telephone:   916/446.2800
Facsimile:    916/446.2828

Attorneys for Plaintiff
ROSEMARY GREENE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rosemary Greene,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>Defendant, | Case No.  C 15-00048 JSW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Rosemary Greene alleges as follows:

1. Ms. Rosemary Greene is an elderly lady with her primary residence at 8000 Hansom Drive, City of Oakland, County of Alameda, State of California, 94605.  She has a loan from defendant Wells Fargo Bank, N.A., secured by a first position deed of trust on her family home.  The loan number is 0045892312.

2. Due to economic pressures associated with The Great Recession, Ms. Greene experienced a substantial drop in her income and consequently fell behind on her monthly mortgage payments.  As a result, on August 28, 2013, Wells Fargo recorded a notice of default against Ms. Greene's home.

3. During September and October 2014 a series of telephonic conferences took place

between Ms. Greene and various bank representatives. During these conversations, Ms. Greene requested a foreclosure prevention alternative and she also requested to be assigned to a single point of contact. She also explained that she had experienced a material change in financial circumstances such that she should again be reviewed for a loan modification. In response, the representatives provided differing and conflicting information about Ms. Greene's ability to keep her home and what was needed from her to accomplish this. Incredibly, one of the representatives even told her to make a factual misrepresentation about her income. Regardless, in response to a directive from a bank representative on October 20, 2014, Ms. Greene submitted a complete first lien loan modification application which included substantial evidence of her change in material financial circumstances.

4. Thereafter, after being informed the application needed to be resent, Ms. Greene did cause the complete application to be refaxed to another Wells representative.

5. However, despite her having submitted the complete application and while Wells Fargo was purportedly considering it in good faith, the bank also "dual-tracked" her by recording a notice of trustee's sale on November 7, 2014. The sale is currently scheduled for January 7, 2014. If that happens, Ms. Greene will be out on the street.

6. Notably, on October 27, 2014, the parties engaged in a telephonic conference. During the conference, Wells Fargo representative Tamara Harris requested certain specific additional pieces of information from Mr. Greene. In response, on November 3, 2014, Ms. Greene submitted in writing all of the specific additional information requested by Wells Fargo. Despite the substance of this telephone call and Ms. Greene having provided all requested information, Wells Fargo sent a letter dated November 13, 2014, which both acknowledged receipt of Ms. Greene's loan modification application and which purported to represent that certain additional previously-unspecified pieces of information were still needed from her. However, Ms. Greene never received any documentation or representations from the bank that her loan modification application had been denied.

2        First Amended Complaint

## First Cause of Action: Violation of The California Homeowner Bill of Rights: Dual Tracking

7.     The factual averments recited in paragraphs one through five are specifically incorporated herein by reference.

8.     California law forbids the practice of "dual tracking" in which a lender simultaneously engages in negotiations toward the modification of a first lien promissory note while at the same time takes the necessary legal steps to complete a non-judicial foreclosure sale on the property. *Civil Code* §2923.6.

9.     Here, Wells Fargo received a completed first lien loan modification package from Ms. Greene on October 20, 2014.  Then it engaged in a telephone conference with her asking for additional supplemental information, which she immediately provided on November 3, 2014.  However, while the modification was ostensibly being considered in good faith under California law, Wells also moved forward with foreclosure by recording a notice of trustee's sale on November 7, 2014.  Prior to that time and indeed all the way to the present, Wells has never indicated to Ms. Greene either telephonically or in writing that her first lien loan modification application as ever incomplete or had been rejected.

10.     This constitutes verboten dual tracking.  Ms. Greene has been damaged in an amount according to proof as set forth below in the prayer.

## Second Cause of Action: Violations of the California Homeowner Bill of Rights: Multiple Points of Contact

11.     The factual averments recited in paragraphs one through nine are specifically incorporated herein by reference.

12.     California law also requires lenders to provide a single point of contact whenever a borrower requests consideration for a modification on his promissory note.  *Civil Code* §2923.7.

13.      Here, Ms. Greene was shuttled around a veritable phone tree of Wells

First Amended Complaint

1 representatives, who offered conflicting and divergent and in one instance downright
2 unlawful advice and information about her home loan. These multiple points of contact
3 were designed only to divert, confuse, and placate Ms. Greene while Wells slipped its
4 needle into her skin. Ms. Greene prays for damages and injunctive relief as a
5 consequence of the foregoing in an amount provable at trial and as set forth below.

### Third Cause of Action: Unfair Business Practices

14. The factual averments recited in paragraphs one through five are specifically incorporated herein by reference.

15. The Unfair Competition Law permits civil recovery for any unlawful, unfair, or fraudulent business act or practice. California *Business & Professions Code* §17200 *et seq*. Because *Business & Professions Code* section 17200 is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal. 4th 163, 180. An act or practice is "unfair" if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided. *Daugherty v. American Honda Motor Co., Inc.*, (2006) 144 Cal. App. 4th 824, 839. An "unfair" business practice occurs when that practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal. App. 4th 700, 719. A fraudulent practice under the UCL "requires only a showing that members of the public are likely to be deceived" and "can be shown even without allegations of actual deception, reasonable reliance and damage." *Daugherty v. American Honda Motor Co., Inc.*, supra, 144 Cal. App. 4th at p. 838.

16. Here, the facts support a finding that Wells violated any and all of the three potential prongs with its practice of facially paying lip service to California law by engaging in dialogue with homeowners, while at the same time completing the legal

Law Office of Aldon Bolanos
www.aldonlaw.com

1 requirements for taking title to their homes.  Such a practice, accomplished through dual tracking and providing multiple points of contact, offends the public policy against those activities as embodied by the Homeowner Bill of Rights.

17. Moreover, the consumer injury is as substantial as they come – the threat of imminent harm in being dispossessed from one's home and thrown into the street. Finally, members of the public are likely to be deceived as Ms. Greene was deceived into believing that Wells Fargo was operating in good faith by considering her loan modification application when in reality the entire charade was a diversionary circus to distract her from their true intention: to take her property from her.

18. Ms. Greene prays for damages and injunctive relief as a consequence of the foregoing in an amount provable at trial and as set forth below.

### Fourth Cause of Action: Negligence

19. The factual averments recited in paragraphs one through nine are specifically incorporated herein by reference.

20. Wells Fargo had a duty not to mishandle Ms. Greene's loan modification application.  It breached that duty by failing to timely and carefully process the application and taking such other necessary and reasonable steps to ensure the application received timely and proper consideration.  On information and belief, Ms. Greene alleges that Wells Fargo engaged in those myriad errors and omissions which, if proved, would support a finding that it breached its duty of care in the handling of Ms. Greene's loan modification application and pursuit of a foreclosure prevention alternative.

21. As a proximate cause of this breach, Ms. Greene did suffer substantial economic and non-economic harm in amounts to be proved at trial.

### Prayer

Plaintiff Rosemary Greene prays for the following relief:

1. General damages according to proof;

2. Special damages according to proof;

3. Injunctive relief to block the pending sale;

4. Prejudgment interest;

5. Attorneys' fees and costs incurred; and

6. All such other relief as the court deems just and equitable.

Dated: March 16, 2015              **Law Office of Aldon Bolanos**

<u>By: /s/ Aldon L. Bolanos, Esq.</u>

Aldon L. Bolanos, Esq.
Attorney for Plaintiff Homeowner