1  **THE LAW OFFICE OF ALDON BOLANOS**
   Aldon Bolanos, Esq., SBN. 233915
2  Seven Hundred "E" Street
   Sacramento, California 95814
3  Telephone:   916.446.2800
   Facsimile:   916.446.2828
4
   Attorneys for Plaintiff Rosemary GREENE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY GREENE, | Case No.: 4:15-CV-00048-JSW |
| Plaintiff, | |
| v. | **CASE MANAGEMENT CONFERENCE STATEMENT** |
| WELLS FARGO BANK, N.A., | Date:    April 10, 2015 |
| Defendant. | Time:   11:00 a.m. |
| | Ctrm:   5 |

**1.     Jurisdiction and Service**

Plaintiff does not dispute diversity jurisdiction despite the clear forum-shopping effect of Wells Fargo claiming its headquarters is in North Dakota and not in California. All anticipated parties have been served and have appeared.

**2.     Facts**

Ms. Rosemary Greene owns and lives in her home at 8000 Hansom Drive in Oakland, California. Wells Fargo has the first position deed of trust on the home as security for its promissory note.

1   Economic pressures brought forth from the Great Recession led to a drop in Ms. Greene's
2   income.  She subsequently fell behind in her mortgage payments and on August 28, 2013, the
3   bank recorded a notice of default against the home.
4   Throughout 2014 the parties engaged in a series of communications regarding a loan
5   modification.  Ms. Greene contends the bank badly bungled the application process by losing
6   documents and repeatedly requesting the same information, as well as shuttling her around a
7   veritable phone tree of bank employees, most of whom offered divergent and conflicting
8   information about the information needed and received and the status of her modification.
9   Finally, while the application was pending the bank recorded a notice of trustee sale on
10  November 7, 2014.
11  The sale was set for January 7, 2015.  However Ms. Greene successfully petitioned the
12  Alameda County Superior Court for a restraining order halting the sale. The court then set a
13  briefing schedule for a preliminary injunction hearing.  Ms. Greene filed her motion and
14  supporting papers in a timely fashion.  The bank did not.  Instead on the eve of the hearing it
15  withdrew the case to federal court.
16  The bank and its attorneys had been properly served with all papers and notice of the
17  dates and deadlines.  Thus, it appears the bank simply missed its deadline to oppose the motion
18  and then rather than allow the injunction to issue, it deprived Ms. Greene of substantive relief by
19  forum-shopping the case into federal court on diversity grounds.
20  Now the sale is set for May 26, 2015, and the bank has refused to take the sale off-
21  calendar pending resolution of the issues now before the court.  So a motion for a preliminary
22  injunction is likely necessary in the coming days.

**3.     Legal Issues**

24  The case really boils down to whether Wells Fargo violated the California Homeowner
25  Bill of Rights and whether it negligently mishandled her loan modification application.

**4.     Motions**

27  A Rule 12(b)(6) motion to dismiss is currently calendared.  Plaintiff anticipates bringing
28  a motion for summary adjudication of some issues.  Plaintiff also anticipates bringing a motion

for a preliminary injunction in the near future as the current sale date of her home is May 26, 2015 and the defense has refused to halt the sale.

**5.     Amendment of Pleadings**

Plaintiff does not anticipate further amendment of pleadings unless any part of the operative pleading is compromised as a result of any pending motion to dismiss.

**6.     Evidence Preservation**

Plaintiff has reviewed the guidelines related to electronically stored information and can confirm it is taking reasonable and appropriate steps to preserve information in this regard. The parties have not met and conferred on this issue.

**7.     Disclosures**

Initial disclosures have not yet occurred.

**8.     Discovery**

The parties have not yet commenced discovery. Plaintiff anticipates one to three depositions as well as document discovery. Such discovery could be completed within three months' time.

**9.     Class Actions**

Class action status is not anticipated.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiff seeks monetary and injunctive relief, including the preservation of her rightful title to real estate within this judicial district. She further seeks general and special damages arising from the bank's negligence and attorneys' fees incurred in an amount according to proof.

**12.    Settlement and ADR**

Plaintiff believes settlement can be achieved once the pleadings are settled and requests referral to an ADR procedure if/when that occurs.

**13.    Consent to Magistrate Judge for All Purposes**

Plaintiff does not consent to the use of a magistrate judge for all purposes.

**14.     Other References**

The case is not suitable for other references.

**15.     Narrowing of Issues**

There do not appear to be any issues which can be narrowed by stipulation.

**16.     Expedited Trial Procedure**

This is not the type of case to be handled under the expedited trial procedure.

**17.     Scheduling**

Plaintiff proposes that all dates be set according to the trial date and the Federal Rules.

**18.     Trial**

Plaintiff demands a jury trial and expects same to last approximately four days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

There are no disclosures for plaintiff to make in this regard.

**20.     Professional Conduct**

Plaintiff's counsel has reviewed and is familiar with the rules of professional couduct for the Northern District.

**21.     Other Matters**

My efforts to meet and confer with opposing counsel regarding this statement were to telephone their office on several occasions and follow up with electronic mail correspondence. However due to some turnover within the defense counsel's office as well as the press of business as well as, I believe, the pending 12(b)(6) motion, we were unable to jointly prepare a case management conference statement.  Therefore, this statement is submitted only by the plaintiff.   The undersigned declares on penalty of perjury under U.S. law the foregoing is true and correct.

Dated:  April 6, 2015                                    **THE LAW OFFICE OF ALDON BOLANOS**

*/s/ Aldon L. Bolanos, Esq.*
Aldon Bolanos, Esq.
Attorneys for Plaintiff