Robert A. Bailey (#214688)
rbailey@afrct.com
Michael Rapkine (#222811)
mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage FSB and World Savings
Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| Rosemary Greene,<br><br>                        Plaintiff,<br><br>     v.<br><br>Wells Fargo Bank, N.A.,<br><br>                        Defendant. | CASE NO.: 4:15-CV-00048-JSW<br><br>[The Hon. Jeffrey S. White]<br><br>**WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br>Date:     May 22, 2015<br>Time:    9:00 a.m.<br>Ctrm:    5 (2nd Floor) |

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo") hereby submits this reply brief in support of its motion to dismiss each claim in the first amended complaint. (Doc. 28).

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

1. INTRODUCTION ............................................................................................................ 1
2. THE DUAL TRACKING CLAIM IS RIDDLED WITH DEFECTS .............................. 1
3. THE SECTION 2923.7 CLAIM IS LIKEWISE DEFECTIVE ........................................ 3
4. THE UCL CLAIM IS CONCLUSORY AND MERITLESS ........................................... 4
5. THE NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW ................................... 5
6. PLAINTIFF'S OBJECTION TO THE EXHIBITS AND CASE LAW
   OFFERED BY WELLS FARGO HAS ALREADY BEEN OVERRULED ................... 7
7. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Armstrong v. Chevy Chase Bank, FSB,*
  2012 U.S. Dist. LEXIS 144125, *9-13 (N.D. Cal. Oct. 3, 2012, Davila, J.) ........................ 6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .................................................................................................... 2

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................... 2

*DeLeon v. Wells Fargo Bank, N.A.,*
  2011 U.S. Dist. LEXIS 8296, *21 (N.D. Cal. Jan 28, 2011) ....................................... 5

*DeLeon v. Wells Fargo Bank, N.A.,*
  729 F. Supp. 2d 1119 (N.D. Cal. June 9, 2010) ......................................................... 8

*Harris v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 61847, *8 (N.D. Cal. Apr. 30, 2013) .................................... 8

*Kuoha v. Equifirst Corp.,*
  2009 U.S. Dist. LEXIS 94699, *13 (S.D. Cal. Oct. 7, 2009) ..................................... 4

*Lawrence v. Aurora Loan Servs. LLC,*
  2010 U.S. Dist. LEXIS 5373, *25-26 (E.D. Cal. Jan. 25, 2010) ................................ 6

*Maomanivong v. Nat'l City Mortgage Co.,*
  2014 U.S. Dist. LEXIS 130513, *51, 58, 61 (N.D. Cal. Sept. 15, 2014) ............... 5, 7

*Morgan v. U.S. Bank Nat'l Ass'n,*
  2013 U.S. Dist. LEXIS 25586, *10 (N.D. Cal. Feb. 25, 2013, Breyer, J.) ................ 6

*Rockridge Trust v. Wells Fargo, N.A.,*
  2014 U.S. LEXIS 22234, *78-79 (N.D. Cal. Feb. 19, 2014) ..................................... 3

*Saridakis v. J.P. Morgan Chase Bank,*
  2015 U.S. Dist. LEXIS 16751, *5 (C.D. Cal. Feb. 11, 2015) .................................... 3

*Settle v. World Savings Bank, FSB,*
  2012 U.S. Dist. LEXIS 4215, *24 (C.D. Cal. Jan. 11, 2012, Morrow, J.) ................. 6

*Stiles v. Wells Fargo Bank,*
  2014 U.S. Dist. LEXIS 173096, *2-3 (N.D. Cal. Dec. 15, 2014) .............................. 8

*Villa v. Wells Fargo Bank, N.A.,*
  2010 U.S. Dist. LEXIS 23741, *6-7 (S.D. Cal. Mar. 15, 2010) ................................ 4

93000/FR1513/01121513-1                     ii                     CASE NO.: 4:15-CV-00048-JSW
                                                                   TABLE OF AUTHORITIES

1  *Woodring v. Ocwen Loan Servicing, LLC*,
2      2014 U.S. Dist. LEXIS 100873, *20 (C.D. Cal. July 18, 2014) ............................................ 2

3  **STATE CASES**

4  *Alvarez v. BAC Home Loans Servicing*,
       228 Cal. App. 4th 941 (2014) ............................................................................................ 6
5
   *Lopez v. Southern Cal. Rapid Trans. Dist.*,
6      40 Cal. 3d 780 (1985) ........................................................................................................ 2

7  *Lueras v. BAC Home Loans Servicing, LP*,
       221 Cal. App. 4th 49 (2013) ........................................................................................... 6, 7
8
   *Nymark v. Hart Federal Savings & Loan Ass'n*,
9      231 Cal. App. 3d 1089 (1991) ........................................................................................... 7

10 **STATE STATUTES**

11 Cal. Bus. & Prof. Code § 17204 ............................................................................................... 4

12 Cal. Civ. Code § 2923.4 ............................................................................................................ 4

13 Cal. Civ. Code § 2923.6 .................................................................................................... 1, 2, 3

14 Cal. Civ. Code §§ 2923.6 and 2923.7 ...................................................................................... 6

15 Cal. Civ. Code § 2923.6(c) ................................................................................................... 1, 3

16 Cal. Civ. Code § 2923.6(h) ....................................................................................................... 1

17 Cal. Civ. Code § 2923.7 ............................................................................................................ 3

18 Cal. Civ. Code §§ 2923.7(b) - (d) ............................................................................................. 3

19 Cal. Civ. Code § 2923.7(e) ....................................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a home loan that plaintiff obtained from Wells Fargo's predecessor in 2007, and plaintiff's default in December 2009. Although plaintiff has not made a mortgage payment in well over five years, she challenges Wells Fargo's right to complete a non-judicial foreclosure. Specifically, plaintiff contends that Wells Fargo has violated the California Homeowners' Bill of Rights (the "HBOR") by engaging in "dual tracking" (FAC ¶¶ 3-10) and failing to provide a meaningful "single point of contact" during the loan modification review process. (FAC ¶¶ 11-13). The complaint also asserts derivative claims for unfair competition and negligence. (FAC ¶¶ 14-21).

For several critical reasons, plaintiff cannot state a viable claim against Wells Fargo. First, the Section 2923.6 claim is insufficiently pled, because the pleadings contain concessions that plaintiff's loan modification application was still incomplete on the date that a notice of trustee's sale was recorded. Equally important, each claim in this suit is incapable of amendment because plaintiff cannot credibly allege actual damages. Furthermore, plaintiff's negligence claim was added without leave of court, and fails for the additional reason that a lender does not owe a borrower a duty of care during the loan modification review process.

In response to Wells Fargo's motion to dismiss (Doc. 28), plaintiff's opposition fails to provide meaningful analysis or authority that would salvage any claim. Accordingly, Wells Fargo respectfully requests that the Court dismiss this action with prejudice, for the reasons articulated in the pending motion and expounded upon in this reply brief.

## 2. THE DUAL TRACKING CLAIM IS RIDDLED WITH DEFECTS

Pursuant to Civil Code § 2923.6(c), a mortgage servicer cannot record a foreclosure notice if it has received a "complete" loan modification application and the application is still under review. It should be added that under Civil Code § 2923.6(h), "a modification application is deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." In other words, the determination of what is deemed a "complete" application rests

with the loan servicer.

In the present case, plaintiff alleges in conclusory fashion that "on October 20, 2014, [she] submitted a complete first lien loan modification application which included substantial evidence of her change in material financial circumstances." (FAC ¶ 3). However, allegations later in the complaint contradict this assertion and reveal that plaintiff's application was <u>not</u> complete. For example, plaintiff concedes that during a telephone call with bank representative Tamara Harris on October 27, 2014, Ms. Harris "requested certain specific additional pieces of information. . ." (FAC ¶ 6). It is further alleged that Wells Fargo sent out a letter on November 13, 2014, informing plaintiff that other "pieces of information were still needed from her." *Id*. In other words, plaintiff's own allegations reveal that Wells Fargo did not deem the modification application complete.

In an attempt to salvage this claim, plaintiff's opposition reiterates the allegation at paragraph 3 of the FAC -- that plaintiff "submitted a complete first lien loan modification application to the defendant on or about October 20, 2014." (Doc. 35, Opp. at 2: 10-11). The opposition adds that this is sufficient to state a Section 2923.6 claim under *Twombly* and *Iqbal*,[1] yet this is not the case. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In the case before the Court, the allegation of dual tracking lacks plausibility because paragraph 3 of the FAC is undermined by allegations later in the pleadings.

In addition, statutory claims must be pled with particularity. *Lopez v. Southern Cal. Rapid Trans. Dist*., 40 Cal. 3d 780, 795 (1985) ("[E]very fact material to the existence of [defendant's] statutory liability must be pleaded with particularity."). Here, plaintiff fails to offer any details concerning what materials she sent to Wells Fargo on October 20, 2014, or what additional documentation was requested by the bank. *Woodring v. Ocwen Loan Servicing, LLC*, 2014 U.S. Dist. LEXIS 100873, *20 (C.D. Cal. July 18, 2014) ("Plaintiff's bald allegation that

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

she submitted 'complete' loan modification applications – without any factual allegations – is a conclusory statement, and the Court does not rely on such assertions in evaluating the sufficiency of Plaintiff's complaint."); see also, *Saridakis v. J.P. Morgan Chase Bank*, 2015 U.S. Dist. LEXIS 16751, *5 (C.D. Cal. Feb. 11, 2015) (the court rejected the allegation that "'Plaintiff submitted a completed, legible and satisfactory loan modification application' to Chase", explaining that "[a]lone, that conclusory allegation is insufficient to plead a claim under § 2923.6(c).").

Put quite simply, the amended complaint taken as a whole fails to adequately allege that a complete modification application was submitted by November 7, 2014, which is when the notice of trustee's sale was recorded. This infirmity coupled with plaintiff's failure to allege a "material" violation of the HBOR (discussed, *infra*) is a death knell to the Section 2923.6 claim.

### 3. THE SECTION 2923.7 CLAIM IS LIKEWISE DEFECTIVE

Plaintiff's claim under Civil Code § 2923.7 incorporates the prior allegations and alleges in conclusory fashion that: "[plaintiff] was shuttled around a veritable phone tree of Wells Fargo representatives. . ." (FAC ¶ 13). This claim is insufficient for the following key reasons.

As a preliminary matter, Civil Code § 2923.7(e) clearly specifies that "[f]or purpose of this section, 'single point of contact' means an individual *or team of personnel* each of whom has the ability and authority to perform the responsibilities described in [Civil Code §§] (b) to (d), inclusive." (emphasis added). Accordingly, the allegation that plaintiff was shuffled between Wells Fargo representatives is not necessarily a violation of the statute.

More importantly, the scant allegations in the complaint indicate that plaintiff's contact at Wells Fargo was Tamara Harris, and that Ms. Harris was unable to render a modification decision because the bank underwriters still required additional financial documentation. (e.g., FAC ¶ 6). Based on these allegations, both HBOR claims fail.

On a final note, plaintiff has not offered any facts that the HBOR violation was "material", despite one round of amendment. *Rockridge Trust v. Wells Fargo, N.A.*, 2014 U.S. LEXIS 22234, *78-79 (N.D. Cal. Feb. 19, 2014) ("In order to properly allege a claim under section 2923.7, a plaintiff must allege that a violation of the provision was the cause of actual

economic damages."). After all, the pleadings concede that plaintiff experienced serious financial hardship due to the 2008 recession, leading to the loan default in December 2009. (FAC ¶ 2; RJN, Exh. G). Equally important, the complaint does not provide any facts to suggest that plaintiff's most recent request for a modification was denied due to an improper calculation by the bank. In other words, even accepting all factual allegations in the FAC, plaintiff has not established a causal nexus between the purported "dual tracking" and "multiple point of contact" and any actual harm.

For the foregoing reasons, Wells Fargo submits that plaintiff's second claim is incapable of amendment, and should be dismissed with prejudice along with the rest of the complaint.

### 4. THE UCL CLAIM IS CONCLUSORY AND MERITLESS

Plaintiff's UCL claim is entirely derivative in nature, predicated on Wells Fargo's purported dual tracking and failure to provide a single point of contact. (FAC ¶¶ 14-18). Because the HBOR claims suffer from fatal shortcomings, the UCL claim falls by the wayside.

Furthermore, a private litigant must be able to allege that they lost money or property as a result of the unfair competition. B&P Code § 17204. Here, plaintiff has not satisfactorily alleged any loss, especially given the fact that she defaulted on the loan due to an inability to make payments, rather than due to purported wrongdoing by Wells Fargo. (FAC ¶ 2: "Ms. Green experienced a substantial drop in her income and consequently fell behind on her monthly mortgage payments."). Furthermore, even if plaintiff had qualified for a loss mitigation program, Wells Fargo was not required to modify the subject loan.[2] Accordingly, it is difficult to

---

[2] Case law is clear that there is no statute that compels a lender to modify a loan. See e.g., *Kuoha v. Equifirst Corp.*, 2009 U.S. Dist. LEXIS 94699, *13 (S.D. Cal. Oct. 7, 2009) ("The Complaint can state 'no cognizable claim that [any Defendant] was required to modify [plaintiffs'] loans in that Section 2923.5 imposes no such mandate.'"); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, *6-7 (S.D. Cal. Mar. 15, 2010) (the federal Home Affordable Modification Program does not even require loan servicers to modify <u>eligible</u> loans). Similarly, the HBOR imposes no affirmative obligation on lenders to extend a modification. Pursuant to Civil Code § 2923.4, "[t]he purpose of the act . . . is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer . . .". Section 2923.4 then clarifies that: "Nothing in the act that added this section, however, shall be interpreted to require a particular result of that [review] process."

understand how Wells Fargo's actions in processing plaintiff's requests for a loan modification resulted in actual damages.

This standing issue was recently addressed in *Maomanivong v. Nat'l City Mortgage Co.*, 2014 U.S. Dist. LEXIS 130513, *58 (N.D. Cal. Sept. 15, 2014), with the plaintiff alleging that the non-judicial foreclosure put her home "in jeopardy" and resulted in the loss of money. In dismissing the UCL claim with prejudice, the district court explained:

> Plaintiff has pointed the court to no other cases, and the court has found none in its own research, in which a court has found that a homeowner has standing to bring a UCL claim against a lender for the lender's allegedly unlawful, unfair, or fraudulent conduct occurring after the homeowner's default, where the default was not induced by the conduct of the lender and where the conduct has not yet led to a foreclosure sale.

*Maomanivong,* 2014 U.S. Dist. LEXIS at *61.

Another illustrative case is *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan 28, 2011), in which plaintiffs brought a UCL claim after the trustee's sale, alleging that the bank conducted a wrongful foreclosure. The court held that: "the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default . . . it does not appear that [the bank's] conduct resulted in a loss of money or property. For this reason, Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed." *DeLeon*, 2011 U.S. Dist. LEXIS at *21.

### 5.   THE NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW

The negligence claim incorporates plaintiff's prior allegations by reference (FAC ¶ 19) and alleges in conclusory fashion that Wells Fargo "breached its duty of care in the handling of Ms. Greene's loan modification application and [her] pursuit of a foreclosure prevention alternative." (FAC ¶ 20). Such allegations are woefully insufficient to maintain a negligence claim against Wells Fargo.

The foreclosure crisis has forced courts to examine the issue of whether a duty of care can be imputed to a lender in the context of the loan modification review process, and the vast majority have found that no duty exists. For example, the court in *Armstrong v. Chevy Chase*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Bank, FSB*, 2012 U.S. Dist. LEXIS 144125, *9-13 (N.D. Cal. 2012, Davila, J.) explained that a duty of care is not even created when a lender <u>offers</u> the borrower a modification, because like the original underwriting process, a modification review and approval is simply a renegotiation of the loan terms. See also, *Morgan v. U.S. Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 25586, *10 (N.D. Cal. 2013, Breyer, J.) ("This Court agrees . . . a lender undertakes no new duty by offering a loan modification."); *Settle v. World Savings Bank, FSB*, 2012 U.S. Dist. LEXIS 4215, *24 (C.D. Cal. 2012, Morrow, J.) ("Numerous cases have characterized a loan modification as a traditional money lending activity.").

In an attempt to salvage the negligence claim, plaintiff cites to *Alvarez v. BAC Home Loans Servicing*, 228 Cal. App. 4th 941 (2014) (Opp., 6: 1-14). However, *Alvarez* is readily distinguishable, for the lender applied incorrect data to deny the borrowers' applications for a loan modification. *Alvarez*, 228 Cal. App. 4th at 945. By contrast, the instant action simply alleges some non-responsiveness by Wells Fargo employees during a one-month period (October 20, through November 13, 2014), which supposedly constitutes a violation of Civil Code §§ 2923.6 and 2923.7. (FAC ¶¶ 3-6).

Another instructive case on negligence is *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67-68 (2013), for the Court of Appeal held that a lender's material misrepresentation may give rise to a duty of care. Yet once again, the sole allegation in this case falls well short of a misrepresentation by Wells Fargo. Indeed, the *Lueras* court explained that absent a misrepresentation, a bank's actions do not give rise to a negligence claim, because a lender does "not have a duty of care to handle [the borrower's] loan in such a way to prevent foreclosure and forfeiture of [the] property." *Lueras*, 221 Cal. App. 4th at 68. After all, a borrower faces the prospect of foreclosure because of their default, not due to the lender's actions during the modification review process. *Lawrence v. Aurora Loan Servs. LLC*, 2010 U.S. Dist. LEXIS 5373, *25-26 (E.D. Cal. 2010) ("Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances.").

In *Maomanivong v. Nat'l City Mortg. Co.*, 2014 U.S. Dist. LEXIS 130513 (N.D. Cal. 2014, Ryu, J.), the Northern District analyzed *Lueras* and rejected as a matter of law an argument

that the lender had negligently performed the loan modification review. As with *Lueras*, the borrower in *Maomanivong* "required a loan modification because she had defaulted on her loan, the loan modification had not progressed to a concrete stage, and there was no indication of a likelihood that her loan modification would have been granted. . ." *Maomanivong*, 2014 U.S. Dist. LEXIS at *51. The same is true in the instant action.

Accordingly, this Court should affirm the overwhelming body of authority -- including its past rulings -- and find that a lender does not owe the borrower a duty of care when servicing the loan, including when a bank engages in modification discussions. It should be added that the balancing test articulated *Nymark v. Hart Federal Savings & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991) strongly disfavors the imposition of such a duty.[3] After all, a delinquent borrower faces the prospect of foreclosure due to a failure to make mortgage payments over a protracted period – not due to the lender's failure to provide a modification. As for public policy considerations, if a duty of care were extended to modification discussions and evaluations, two obvious by-products would emerge: (i) lenders would increasingly refrain from conducting reviews; and (ii) unqualified borrowers would apply for a modification and then bring a lawsuit when rejected.

## 6. PLAINTIFF'S OBJECTION TO THE EXHIBITS AND CASE LAW OFFERED BY WELLS FARGO HAS ALREADY BEEN OVERRULED

In support of its motion, Wells Fargo attached the following ten (10) documents to its Request for Judicial Notice (Doc. 29): public records evidencing the corporate transition from plaintiff's original lender (World Savings Bank, FSB) to Wells Fargo (RJN, Exhs. A - E); the recorded deed of trust for the loan at issue (Exh. F); the recorded notice of default and notice of trustee's sale for the subject loan (Exhs. G and J), and the prior complaint that plaintiff filed against Wells Fargo, along with the docket from this previous action. (Exhs. H and I).

///

---

[3] This balancing test evaluates six factors: the extent to which the transaction affects the borrower, the foreseeability of harm, the degree of certainty that the borrower will suffer injury, the connection between the lender's conduct and potential injury, the moral blame attached to the lender's conduct, and the public policy against preventing future harm. *Nymark, supra*, 231 Cal. App. 3d at 1098.

Plaintiff objects to the admissibility of each exhibit on the grounds that these records constitute "extrinsic evidence" not appropriate for a 12(b)(6) motion. (Doc. 33). This objection is misplaced, for countless courts have taken judicial notice of such records. See e.g., *Stiles v. Wells Fargo Bank*, 2014 U.S. Dist. LEXIS 173096, *2-3 (N.D. Cal. Dec. 15, 2014) (recorded trust deed and foreclosure notices were judicially noticeable); *Harris v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 61847, *8 (N.D. Cal. Apr. 30, 2013) (court took judicial notice of recorded foreclosure notices and documents filed by plaintiff in bankruptcy court). In addition, there is ample authority that a court may take judicial notice of public records issued by the OTS, the OCC, and the FDIC, which evidence the transition from World Savings to Wells Fargo. *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D. Cal. June 9, 2010). It should also be stressed that plaintiff raised an identical objection to the exhibits supporting Wells Fargo's prior motion to dismiss, and plaintiff's objections were overruled. (Doc. 26 at fn. 1).

The same is true with respect to plaintiff's objection to the handful of unpublished cases cited in the bank's motion to dismiss. (Doc. 34). As explained in this Court's previous order, "[t]he cases to which Plaintiff objects are district court cases, which may be properly cited as persuasive authority, although they are not binding on this Court." (Doc. 26, fn. 2). Accordingly, the Court should overrule plaintiff's objections (Docs. 33 and 34) in their entirety.

## 7. CONCLUSION

For the reasons set forth above and in its moving papers, Wells Fargo requests that its motion to dismiss be granted as to each claim in the FAC without leave to amend.

Respectfully submitted,

Dated: April 14, 2015

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: /s/ Michael Rapkine
Michael Rapkine
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Southwest, N.A., f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

**Attorneys for Plaintiff**

Aldon L. Bolanos, Esq.
LAW OFFICES OF ALDON L. BOLANOS
Seven-Hundred "E" Street
Sacramento, CA  95814
Tel: 916.446.2800 | Fax: 916.446.2828
Email: aldon@aldonlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **April 14, 2015**.

|  Marianne Mantoen  |  */s/ Marianne Mantoen*  |
|  (Type or Print Name)  |  (Signature of Declarant)  |