IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEMARY GREENE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 15-00048 JSW

**ORDER GRANTING MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by Defendant Wells Fargo Bank ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument, and therefore VACATES the hearing scheduled for March 13, 2015. *See* Civil L.R. 7-1(b). For the reasons that follow, the Court hereby GRANTS Defendant's motion.[1]

## BACKGROUND

The following facts are drawn from the complaint, and from judicially noticeable documents. Plaintiff Rosemary Greene ("Plaintiff") owns a home in Oakland, California, subject to a loan from Defendant. (Compl. ¶ 1.) Beginning in 2009, Plaintiff struggled with her mortgage payments. (3:13-cv-02774-WHA, ECF No. 1 ¶ 12 ("Greene I Compl.").) Plaintiff submitted a loan modification application. (*Id.* ¶ 15.) From 2010 until 2013, Defendant

---

[1] The Court GRANTS Defendant's request for judicial notice ("RJN") with respect to the complaint in Plaintiff's earlier case, *Greene v. Wells Fargo Bank*, 3:13-cv-02774-WHA and OVERRULES Plaintiff's objection thereto. *See* Fed. R. Evid. 201; *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (stating that a court may "take judicial notice of matters of public record, including documents on file in federal or state courts") (internal citation omitted). Because the Court does not rely upon any of the other documents for which Defendant seeks judicial notice, those requests are DENIED AS MOOT.

continued to request additional documents and Plaintiff continued to supply them. (*Id.*) In 2013, Plaintiff's loan modification request was denied on the basis that "the amount due could not fit the 31% of gross income guideline provided under HAMP." (*Id.* ¶ 16.)

On August 28, 2013, Defendant recorded a notice of default against Plaintiff. (Compl. ¶ 2.) On October 20, 2014, Plaintiff alleges that she submitted "a complete first lien loan modification application." (*Id.* ¶ 3.) Defendant continued to request more information from Plaintiff with respect to her loan modification application. (*Id.* ¶ 6.) On November 7, 2014, Defendant recorded a notice of trustee's sale. (*Id.* ¶ 5.)

On December 11, 2014, Plaintiff filed the instant action in state court. On January 6, 2015, Defendant removed the action to this Court. Plaintiff's complaint alleges three causes of action: (1) violation of California Civil Code section 2924.18; (2) violation of California Civil Code section 2923.7; and (3) violation of California Business and Professions Code sections 17200 et seq.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A.   Legal Standard for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris*, 682 F.3d at 1132. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.     Plaintiff's Complaint is Dismissed.**

Defendant moves the Court for an Order dismissing Plaintiff's complaint.[2] For the reasons that follow, the Court GRANTS Defendant's motion.

Plaintiff's first cause of action alleges a violation of the California Homeowner Bill of Rights through a process known as "dual tracking" – where a lender initiates a foreclosure sale while still negotiating a loan modification with the borrower – in violation of California Civil Code section 2924.18. (Compl. ¶¶ 7-10.) Plaintiff's claim under section 2924.18 cannot proceed because it applies only to small lenders, specifically lenders that "foreclosed on 175 or fewer residential real properties" in the preceding annual reporting period. Cal. Civ. Code § 2924.18(b). In her opposition, Plaintiff appears to concede that section 2924.18 does not apply to her claims, and argues instead that the Court should consider her dual tracking claim

---

[2] Plaintiff has also filed an objection and motion to strike several citations in Defendant's opening brief. (ECF No. 22.) Plaintiff contends that Defendant improperly cited several unpublished cases, in violation of Ninth Circuit Rule 36-3. Ninth Circuit Rule 36-3 applies to unpublished Ninth Circuit cases. The cases to which Plaintiff objects are district court cases, which may be properly cited as persuasive authority, although they are not binding on this Court. Accordingly, Plaintiff's objection is OVERRULED and her motion to strike is DENIED.

3

1  under section 2923.6.[3] In the interests of judicial economy, the Court will consider Plaintiff's
2  dual tracking claim as though she had pled it pursuant to section 2923.6.

3  Section 2923.6 provides that a mortgage servicer may not record a notice of default, a
4  notice of sale, or conduct a trustee's sale until the servicer makes a written determination that
5  the borrower is not eligible for a loan modification. Cal. Civ. Code § 2923.6(2)(c). This
6  provision is only triggered, however, if the borrower has submitted "a complete application for
7  a first loan modification." *Id.* Section 2923.6(g) provides lenders with protection against the
8  risk of borrowers submitting multiple applications for the purpose of delay. It states:

> the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section unless there has been a material change in the borrower's financial circumstances.

13  Cal. Civ. Code § 2923.6(g). If a borrower has already been evaluated for a first lien loan
14  modification, and has experienced a material change in financial circumstances, the borrower
15  must document that change and submit the documentation to the mortgage servicer. *Id.*

16  In the complaint in Plaintiff's previous lawsuit, she admitted that she had previously
17  sought a first lien loan modification, and that her application had been denied. (Greene I
18  Compl. ¶¶ 12-16.) Accordingly, Defendant had no duty to evaluate her October 20, 2014
19  modification application unless Plaintiff submitted evidence that her financial circumstances
20  had changed since her previous application was denied. Not only does Plaintiff's complaint fail
21  to mention that the October 20, 2014 application was not the first time Plaintiff applied for a
22  loan modification, nowhere does Plaintiff allege that her financial circumstances had changed
23  since her first application was denied, or that she provided documentation of such change to
24  Defendant. Accordingly, Plaintiff's dual tracking claim must fail.

25  Plaintiff's second cause of action is premised on California Civil Code section 2923.7
26  which provides that if a borrower requests a foreclosure prevention alternative, the mortgage

---

[3] Plaintiff actually cites section 2924.6 rather than 2923.6, but the Court will assume that this is an error given that section 2924.6 applies to interest acceleration on deeds of trust.

4

servicer must promptly establish a single point of contact with whom the borrower may communicate. Cal. Civ. Code § 2923.7(a). However, this provision is only triggered if the borrower has both requested a foreclosure prevention alternative, and has requested that a single point of contact be provided. *Id.* Because Plaintiff has failed to allege that she ever specifically requested that a single point of contact be provided, her claim pursuant to section 2923.7 must also fail.

However, the Ninth Circuit counsels that leave to amend should be granted "with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Accordingly, the Court will GRANT Defendant's motion to dismiss Plaintiff's claims pursuant to sections 2923.6 and 2923.7, but will provide leave to amend. Should Plaintiff wish to amend her complaint, she must allege facts that would support claims pursuant to these statutory sections. Specifically that, pursuant to section 2923.6, she experienced a material change in financial circumstances following the denial of her first loan modification application, and that she provided documentation of such change to Defendant; and that, pursuant to section 2923.7, Plaintiff actually requested both a foreclosure prevention alternative and a single point of contact. Of course, Plaintiff should only allege these facts if she can do so in good faith.

Finally, Plaintiff's cause of action pursuant to California Business and Professions Code section 17200 is dependant upon her substantive allegations under sections 2923.6 and 2923.7. Therefore, the Court also GRANTS Defendant's motion to dismiss this cause of action, with leave to amend.

//
//
//
//
//
//

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. If Plaintiff wishes to file an amended complaint, she must do so by no later than March 31, 2015. If Plaintiff fails to file an amended complaint by March 31, 2015, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: March 3, 2015



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6