IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEMARY GREENE,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 15-00048 JSW

**ORDER REGARDING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Now before the Court is the motion to dismiss filed by Defendant Wells Fargo Bank ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. It finds the motion suitable for disposition without oral argument, and therefore VACATES the hearing scheduled for May 22, 2015. *See* Civil L.R. 7-1(b). For the reasons that follow, the Court hereby grants in part and denies in part Defendant's motion.[1]

---

[1] Generally, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Defendant attaches copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed R. Evid. 201(b). Accordingly, the Court GRANTS Defendant's request for judicial notice ("RJN").

Plaintiff separately filed an objection to several citations in Defendant's opening brief. As the Court already ruled in the order granting Defendant's motion to dismiss Plaintiff's complaint, the Ninth Circuit Rule 36-3 upon which Plaintiff relies applies to unpublished Ninth Circuit cases. The cases to which Plaintiff objects are district court cases, which may be properly cited as persuasive authority, although they are not binding on this Court. Accordingly, Plaintiff's objection is OVERRULED.

**BACKGROUND**

The following facts are drawn from the complaint, and from judicially noticeable documents. Plaintiff Rosemary Greene ("Plaintiff") owns a home at 8000 Hansom Drive in Oakland, California (the "Property"), subject to a loan from Defendant. (First Amended Compl. ("FAC"), ¶ 1.) Beginning in 2009, Plaintiff struggled with her mortgage payments. (3:13-cv-02774-WHA, ECF No. 1 ¶ 12 ("Greene I Compl.").) Due to her loss in income, Plaintiff fell behind on her monthly mortgage payments. (FAC, ¶ 2.)

Plaintiff submitted a loan modification application. (Greene I Compl., ¶ 15.) From 2010 until 2013, Defendant continued to request additional documents and Plaintiff continued to supply them. (*Id.*) In 2013, Plaintiff's loan modification request was denied on the basis that "the amount due could not fit the 31% of gross income guideline provided under HAMP." (*Id.* ¶ 16.) On August 28, 2013, Wells Fargo recorded a notice of default on the Property. (FAC, ¶ 2.)

During September and October 2014, Plaintiff spoke to several representatives from Defendant. (FAC, ¶ 3.) During these telephone conversations, Plaintiff requested a foreclosure prevention strategy and that she be assigned to a single point of contact. (*Id.*) She explained that she had experienced a change in her financial circumstances that warranted another review for a loan modification. (*Id.*) One of Defendant's representative told Plaintiff to make a factual misrepresentation regarding her income. (*Id.*) On October 20, 2014, Plaintiff submitted "a complete first lien loan modification application which included substantial evidence of her change in material financial circumstances." (*Id.*)

Plaintiff was then informed that her application needed to be resent, which she did. (*Id.*, ¶ 4.) On October 27, 2014, Defendant's representative Tamara Harris requested additional pieces of information. Plaintiff sent the requested information on November 3, 2014. (*Id.*, ¶ 6.) Defendant then sent her a letter dated November 13, 2014 in which it acknowledged receipt of Plaintiff's loan modification application and requested some additional information. (*Id.*) Plaintiff has not received any documentation or representation from Defendant denying her application. (*Id.*)

2

On November 7, 2014, Defendant recorded a notice of trustee's sale. (*Id.* ¶ 5; RJN, Ex. J.) The notice stated that the trustee's sale was scheduled for November 25, 2014. (RJN, Ex. J.) Plaintiff alleges that the sale was scheduled for January 7, 2014. (FAC, ¶ 5.)

The Court granted a motion to dismiss Plaintiff's complaint and provided Plaintiff leave to amend her three claims: (1) violation of California Civil Code section 2923.6; (2) violation of California Civil Code section 2923.7; and (3) violation of California's Unfair Business Law ("UCL"), California Business and Professions Code sections 17200 *et seq*. Plaintiff filed her FAC which Defendant now moves to dismiss.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Legal Standard for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

3

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris*, 682 F.3d at 1132. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B. Defendant's Motion.**

**1. Plaintiff's Claim Under California Civil Code section 2923.6.**

Plaintiff brings a claim for violation of California Civil Code section 2923.6 for "dual tracking" – where a lender initiates a foreclosure sale while still negotiating a loan modification with the borrower. The Court dismissed this claim with leave to amend based on Plaintiff's failure to allege that she experienced a material change in her financial circumstances and submitted documentation of that change to Defendants. In her FAC, Plaintiff alleges in a conclusory fashion that she "had experienced a material change in financial circumstances" and that her loan modification application "included substantial evidence of her change in material financial circumstances." Plaintiff merely alleges the legal conclusion, that her change in financial circumstances was "material." She fails to allege *any* facts that describe what the purported change in her financial circumstances was. Nor does Plaintiff describe what documentation of this material change in her financial circumstances that she provided in her loan application. Without such allegations, Plaintiff fails to sufficiently state a claim.[2]

---

[2] Defendant argues that Plaintiff is required to plead her statutory claims with particularity. However, pursuant to the doctrine set forth in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938), federal courts must apply federal procedural law and state substantive law to state law claims. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). The cases on which Defendant relies demonstrate that those requirements are matters of procedure, not substance. *See, e.g., Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795 (1985) (noting that normally negligence may be "pleaded" in general terms but that "statutory actions must be pleaded with particularity"); *Covenant Care, Inc. v. Sup. Ct.*, 32 Cal. 4th 771, 790 (2004) ("statutory causes of action must be pleaded with particularity"). Accordingly, the Court applies the federal pleading standards set forth in *Twombly* and *Iqbal*

4

Therefore, the Court grants Defendant's motion to dismiss this claim but will provide leave to amend.

Defendant argues that Plaintiff's claim should also be dismissed because, when considering her allegations as a whole, she fails to allege that she submitted a complete loan modification application. The statute provides that an application for a loan modification "shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." *See* Cal. Civ. Code § 2923.6(h). According to Defendant, because Plaintiff alleges that Defendant requested additional pieces of information after she submitted her loan application, her own allegations demonstrate that her application was not complete. However, whether and when her application was complete is a factual question that the Court may not determine on a motion to dismiss.

Defendant also argues that Plaintiff fails to allege a "material violation" of the statute, as required by California Civil Code section 2924.12. As Defendant concedes, there is a dearth of authority interpreting the meaning of "material." In the absence of any authority defining the meaning of a "material violation," the Court declines to impose any additional pleading obligations on Plaintiff. The Court notes that one of the purposes of the Homeowners Bill of Rights ("HBOR") was to eliminate the practice of "dual-tracking." *See Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013); *Jolly v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 904 (2013). In light of this purpose, the Court cannot say that alleging that Defendant filed a notice of default while Plaintiff's complete application for a loan modification was pending would not qualify as a material violation.

However, because the Court is dismissing this claim with leave to amend, the Court notes that the HBOR differentiates claims depending upon whether a trustee's deed upon sale has been recorded. If a trustee's deed of sale has not been recorded, only injunctive relief may be awarded. *See* Cal. Civ. Code § 2924.12(a)(1). After a trustee's deed upon sale has been

---

to Plaintiff's claims. Nevertheless, Plaintiff's conclusory allegations fail to state a claim even under the federal pleading standards.

5

recorded, a defendant may be liable to a borrower for actual economic damages. *See* Cal. Civ. Code § 2924.12(b). The recorded notice of trustee's sale states that the sale was scheduled for November 25, 2014. (RJN, Ex. J.) Plaintiff alleges that the sale was scheduled for January 7, 2014. (FAC, ¶ 5.) Both of these dates passed before Plaintiff filed her FAC and yet she fails to allege whether or not the trustee sale occurred and if it has not yet occurred, if it has been rescheduled. If the Property has been sold at a trustee's sale, Plaintiff does not allege any actual economic damages. If Plaintiff elects to amend her claim under Section 2923.6, she should clarify the status of the trustee's sale, and if the Property has been sold, what, if any, actual economic damages she has incurred.

### 2. Plaintiff's Claim Under California Civil Code section 2923.7.

Plaintiff also brings a claim under California Civil Code section 2923.7 based upon Defendant's failure to provide her with a single point of contact. Plaintiff sufficiently alleges that she requested a foreclosure prevention alternative and requested, but was not provided, a single point of contact.[3] Accordingly, the Court denies the motion to dismiss as to this claim.

### 3. Plaintiff's UCL Claim.

Defendant moves to dismiss Plaintiff's UCL claim on the grounds, *inter alia*, that she fails to allege facts sufficient to establish standing. In order to have standing under the UCL, a plaintiff must show that he or she has "suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. This provision requires a plaintiff to sufficiently allege: (1) he or she has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted). Taking the allegations as true, Plaintiff fails to allege facts sufficient to support a finding that she lost

---

[3] Defendant cites *Rockridge Trust v. Wells Fargo, N.A.*, 2014 WL 688124, *23 (N.D. Cal. Feb. 19, 2014) for the proposition that a plaintiff must allege a violation of the statute that caused actual damages to state a claim under Section 2923.7. However, in *Rockridge*, the property at issue was sold at a trustee's sale. Therefore, injunctive relief was not available. Pursuant to California Civil Code section 2924.12(b), the defendant could be liable only for actual economic damages. Here, Plaintiff has not yet alleged whether or not the Property has been sold.

6

money or property as a result of Defendant's conduct. Notably, the time for the trustee's sale has long since passed. It is not clear that any sale occurred or is currently pending. Without the actual loss or any pending imminent loss of the Property, Plaintiff fails to allege facts sufficient to show that her property was lost or is in jeopardy. *See Katz v. Cal-Western Reconveyance Corp.*, 2010 WL 424453, *5 (N.D. Cal. Jan. 27, 2010) (dismissing UCL claim where plaintiff no longer faced an imminent threat of loss of property because the notice of sale had been rescinded). Accordingly, the Court grants the motion to dismiss this claim with leave to amend.

**4. Plaintiff's Negligence Claim.**

Without leave of Court, Plaintiff included a negligence claim in her FAC. The Court had granted leave to amend to cure the defects raised by Defendant's first motion to dismiss. It was not an open ended invitation to allege any additional claims of which Plaintiff could think. However, because leave to amend shall be given freely, the Court will consider whether Plaintiff sufficiently alleges a negligence claim.

To state a cause of action for negligence, a plaintiff must allege: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establish a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). The "question of the existence of a legal duty of care . . . presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).

Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* (Internal citation omitted). However, "*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872,

7

1   901 (2013) (internal quotations omitted). In order to determine whether an exception to the
2   general rule applies, courts should balance the following six factors: (1) the extent to which the
3   transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3)
4   the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection
5   between the defendant's conduct and the injury suffered; (5) the moral blame attached to the
6   defendant's conduct; and (6) the policy of preventing future harm. *Nymark*, 231 Cal. App. 3d at
7   1098 (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 649-50 (1958)).

8   As one of this Court's colleagues recently noted, "whether a lender owes a duty of care
9   to a borrower in the loan modification context is relatively unsettled[.]" *Maomanivong v.*
10  *National City Mortgage, Co.*, 2014 WL 4623873, at *3 (N.D. Cal. Sept. 15, 2014). In cases
11  where courts have found the facts sufficient to show a lender owed a borrower a duty of care,
12  the borrowers have alleged that the lender or servicer mishandled a loan modification
13  application. For example, in *Alvarez v. BAC Home Loans Servicing*, the plaintiffs alleged that
14  defendants relied on incorrect information to deny plaintiffs' applications for a loan
15  modification. 228 Cal. App. 4th 941, 945 (2014). Similarly, in *Rijhwani v. Wells Fargo Home*
16  *Mortgage, Inc.*, the plaintiffs alleged that: (1) their SPOC never submitted their application to
17  defendants; and (2) defendant "tricked them into defaulting on the second loan so that
18  [defendant] could string them along with respect to the loan modification on the first loan so it
19  could foreclose under the second loan." 2014 WL 890016, at *17 (N.D Cal. Mar. 3, 2014). In
20  both cases, the plaintiffs' claim was premised on the theory that because the defendants
21  mishandled the documents, they deprived the plaintiffs of the possibility of obtaining a loan
22  modification application, and their homes were sold.

23  However, the Court need not determine at this time whether Defendant owed any duty to
24  Plaintiff with respect to her application for a loan modification because her negligence claims
25  fail for an additional reason. Plaintiff fails to allege a breach that proximately caused any
26  damages or injuries. Accordingly, the Court dismisses this claim, but will provide leave to
27  amend.
28

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion. The Court DENIES the motion to dismiss with respect to Plaintiff's claim under California Civil Code section 2923.7 and GRANTS the motion as to, and dismisses, the remainder of Plaintiff's claims. Because this Court cannot say that it would be an act of futility to amend the dismissed claims, Plaintiff may file an amended complaint to cure the defects addressed in this Order by no later than May 28, 2015. Defendant shall answer or otherwise respond by no later than June 18, 2015.

**IT IS SO ORDERED.**

Dated: May 7, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE