The Law Office of Aldon Bolanos
Aldon Bolanos, Esq., SBN. 233915
Seven Hundred "E" Street
Sacramento, California 95814
Telephone: 916.446.2800
Facsimile: 916.446.2828

Attorneys for Plaintiff Rosemary GREENE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY GREENE, | Case No.: 4:15-CV-00048-JCS |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | Date: July 31, 2015<br>Time: 9:00 a.m.<br>Ctrm: 5 (2nd Floor) |

**1.  Prefatory Statement**

Defendant Wells Fargo ("Defendant") moves to dismiss Plaintiff Rosemary Greene's ("Plaintiff") third and fourth causes of action in the second amended complaint ("SAC") for violation of the Unfair Competition Law ("UCL") and negligence. In capsule, the defense motion contends plaintiff failed to allege sufficient facts to support these claims.

However, it will be clear from the pleading itself and a plain reading of the case authority on these subjects that Ms. Greene has indeed adequately alleged standing to support her unfair competition claim. Moreover, she has also alleged sufficient facts to show a legal duty, causation, and resulting damage to establish her negligence cause of action.

1

Additionally, let us not now forget that federal court – where the bank removed this action from Alameda County – is a notice pleading jurisdiction. So the bank should not now be heard to apply state court pleading standards to a matter pending in the Northern District to which the Federal Rules now apply.

For these reasons, expounded upon below, Ms. Greene respectfully requests that this Court deny Defendant's motion to dismiss in its entirety.

**2.    Ms. Greene has standing to prosecute her UCL cause of action**

In order to have standing under the UCL, a plaintiff must show that he or she has "suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. *Bus. & Prof. Code* §17204. This provision requires a plaintiff to sufficiently allege: (1) he or she has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between defendant's alleged UCL violation and plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir 2010).

In granting leave to amend this cause of action, this Court noted that it was not clear from the pleadings that any sale occurred or is currently pending. (Order, Doc. 38, p. 7:1-2). The Court further explained that "[w]ithout the actual loss or any pending imminent loss of the Property, Plaintiff fails to allege facts sufficient to show that her property was lost or is in jeopardy." (*Id.*).

In the SAC, Plaintiff corrected this deficiency by stating that the foreclosure sale is scheduled for June 26, 2015. (SAC, paras 7, 19). Accordingly, Plaintiff has alleged she is facing the pending imminent loss of her property, thereby making the requisite showing that her property is in jeopardy. Plaintiff has alleged an injury in fact – imminent loss of her property – and a causal connection between this injury in fact and Defendant's UCL violation - violation of the Homeowner Bill of Rights – such that Plaintiff has standing to prosecute its UCL claim.

///

**3.      The *Alvarez*-based Negligence Claim is Well-Pled**

Contrary to Wells Fargo's assertion, Ms. Greene's negligence claim is well-pled. The elements for a claim of negligence are that: (1) defendant owed a legal duty to plaintiff; (2) defendant breached this duty; and (3) the breach proximately caused plaintiff's injuries or damages. *Alvarez v. BAC Home Loans Servicing, L.P.,* 228 Cal.App.4th 941, 944 (2014).

First, Defendant's privity argument is a strawman. This is not a contract-based claim. Rather, it arises from statutory duties imposed by the California Legislature and enacted as the Homeowner Bill of Rights. Under this law, *and beyond the four corners of the promissory note contract*, lenders are obligated to consider foreclosure prevention alternatives. Being derived from the Homeowner Bill of Rights not the four corners of the contract, the obligations of a party are not imposed by contract but by statute. Accordingly, because the negligence claim arises from duties imposed by statute and not in the contract itself, the negligence cause of action is viable.

Second, courts have recognized that there is a split of authority in California state courts as to whether a lender owes a duty of care in possessing a loan modification. See *Chiu v. NBS Default Servs. LLC*, 2015 WL 1221399 at *5 (N.D. Cal. Mar. 17, 2015).

On the one hand, there is *Lueras v. BAC Home Loan Servicing, LP*, 221 Cal. App. 4th 49 (2013) and progeny finding no duty of care to a borrower seeking a loan modification.

Conversely, there is *Alvarez v. BAC Home Loans Servicing, LP,* and its progeny finding there is in fact a duty of care once a lender agrees to consider the loan modification. In *Alvarez,* the court held that while the general rule is that a financial institution owes no duty of care to a borrower *when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a lender of money*, this does <u>not</u> mean that a lender *never* owes a borrower a duty of care. *Alvarez,* 228 Cal. App. 4th. at 945. Instead, where a lender agrees to consider a borrower for a loan modification, the Court held that factors clearly weigh in favor of finding a legal duty. *Id.* at 948.

**Confronted with this split in authority, the Eastern District of California, in a recent decision, after examining both lines of reasoning, found the *Alvarez* reasoning persuasive.** *Meixner v. Wells Fargo Bank, N.A.*, 2015 WL 1893514 (E.D. Cal. Apr. 24, 2015).

In finding the *Alvarez* reasoning more persuasive, the court explained that "*Alvarez* identified an important distinction not addressed by the *Lueras* reasoning-that the relationship differs between the lender and borrower at the time the borrower first obtained a loan versus the time the loan is modified." *Meixner* at *12. The court further explained that "[t]he parties are no longer in an arm's length transaction and thus should not be treated as such. While a loan modification is traditionally lending, the parties are now in an established relationship." *Id.* The court noted that "[t]his relationship vastly differs from the one which exists when a borrower is seeking a loan from a lender because the borrower may seek a different lender if he does not like the terms of the loans." *Id.* Consequently, the court adopted the holding in *Alvarez* and concluded that a lender owed a duty of care to the borrower when considering his loan modification application. *Id.*

Likewise, Ms. Greene respectfully urges that this Court adopt *Alvarez's* line of reasoning and find that duty of care does exist in her case. In examining the SAC, she clearly sufficiently alleges that Wells Fargo owed her a legal duty. Specifically, the SAC alleges that "Wells Fargo had a duty not to mishandle Ms. Greene's loan modification." (SAC para. 22). Once Wells Fargo agreed to consider Plaintiff for a loan modification, it owed Plaintiff a legal duty to refrain from mishandling an application to modify the terms of the loan. See *Alvarez*, 228 Cal.App.4th at 948-51.

Moreover, the SAC adequately establishes a causal link between Defendant's negligence and damages. Paragraph 23 of the SAC states that "[a]s a proximate cause of this breach, Ms. Greene did suffer substantial economic and non-economic harm in amounts to be proved at trial, which includes emotional distress as well as the loss of the opportunity to obtain a loan modification, and alternatively, the loss of the opportunity to seek relief elsewhere." In short, there is a causal link between breach of this duty and resulting damages.

Furthermore, the SAC adequately alleges damages as an element of the negligence claim. The SAC alleges that Plaintiff has been damaged because: 1) she refrained from seeking

alternative financing or other remedies; 2) she has been deprived of the opportunity to receive a loan modification; and 3) she has suffered emotional distress.  (SAC, para. 23).

Moreover, it is worth noting that these allegations of damages are the same or similar to the ones alleged in *Alvarez*.  The *Alvarez* plaintiffs alleged that the mishandling of their loan application resulted in them losing title to their home, being deterred from seeking other remedies to address their default, damage to their credit, and costs and expenses incurred to fight or prevent foreclosure.  *Alvarez*, 228 Cal.App.4th at 948-949.

In reviewing these allegations of damages, the *Alvarez* court did not find them to be lacking or insufficient. See *id.*  Likewise, this Court should find the allegations of damages to be sufficient for purposes of overcoming Defendant Wells Fargo's motion to dismiss.  Given that this is a notice pleading state and there is no requirement for sum certain in negligence actions, these allegations should suffice.

## 4.     **Conclusion**

For the reasons cited above, Plaintiff Rosemary Greene respectfully urges that this Court deny Defendant Wells Fargo's motion to dismiss in its entirety.  If this Court finds Plaintiff's allegations lacking, Plaintiff respectfully requests one more opportunity to correct any such deficiency.

Dated:  June 18, 2015                            LAW OFFICE OF ALDON BOLANOS

*/s/ **Aldon L. Bolanos, Esq.***
Aldon Bolanos, Esq.
Attorney for Plaintiff