1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    ROSEMARY GREENE,

10              Plaintiff,                          No. C 15-00048 JSW

11      v.

12    WELLS FARGO BANK, N.A.,                       **ORDER GRANTING EX PARTE
                                                    APPLICATION FOR**
13              Defendant.                          **TEMPORARY RESTRAINING
                                                    ORDER AND ORDER TO SHOW**
14    _____/             **CAUSE RE PRELIMINARY
                                                    INJUNCTION**

15

16          Now before the Court is the *ex parte* application for temporary restraining order

17    ("TRO") and order to show cause why a preliminary injunction should not be issued to enjoin

18    the trustee's sale of the subject property filed by plaintiff Rosemary Greene ("Plaintiff").

19    The Court has considered the parties' papers, relevant legal authority, and the record in this

20    case. It finds that this matter is appropriate for disposition without oral argument and is deemed

21    submitted, and therefore VACATES the hearing scheduled for June 29, 2015. *See* Civ. L.R. 7-

22    1(b). For the reasons that follow, the Court hereby grants the TRO.

23          The dispute between the parties centers on the property Plaintiff owns at 8000 Hansom

24    Drive in Oakland, California (the "Property"), subject to a loan from defendant Wells Fargo

25    Bank, N.A. ("Defendant"). The trustee's sale is set for June 30, 2015. As the parties are

26    familiar with the facts and procedural history of this case, there is no need to recite them here,

27    except where useful in reaching the disposition.

28    *///*

**ANALYSIS**

**A.     Applicable Legal Standard.**

In order to obtain a temporary restraining order or a preliminary injunction, Plaintiff "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 24 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

In *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011), the Ninth Circuit held that the "serious questions" sliding scale approach survived *Winter*, whereby preliminary injunctive relief may be granted if a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing district courts to preserve the status quo where difficult legal questions require more deliberate investigation. *See Sencion v. Saxon Mortg. Services, LLC*, 2011 WL 1364007 *2 (N.D. Cal. April 11, 2011). The plaintiff must also satisfy the irreparable harm and public interest requirements under *Winter*. *Alliance for The Wild Rockies*, 632 F.3d at 1132, 1135.

**B.     Plaintiff's Motion.**

The Court has already determined that Plaintiff has sufficiently alleged a claim under California Civil Code section 2923.7 and, notably, Defendant has not moved to dismiss Plaintiff's amended claim under California Civil Code section 2923.6. As discussed below, the

Court determines that Plaintiff has submitted evidence that is sufficient to present serious questions going to the merits of these claims.

### 1.        Serious Questions Going to the Merits.

Defendant opposes Plaintiff's motion for a TRO on the ground that it argues that Plaintiff's application for a loan modification was not complete before the notice of trustee's sale was recorded and that Plaintiff was, in fact, provided a single point of contact. However, these are questions of fact which Plaintiff vehemently disputes. Plaintiff has submitted sufficient evidence to show that there are serious questions going to the merits of these claims. Although Defendant argues that it considered Plaintiff's application for a loan modification to be incomplete as of November 7, 2014, the day the notice of trustee's sale was recorded, there is evidence in the record that raises serious questions as to that fact. The same is true with Defendant's contention that it provided Plaintiff with a single point of contact. Having determined that Plaintiff has sufficiently raised serious questions about her claims under California Civil Code section 2923.6 and 2923.7, the Court proceeds with the sliding scale analysis.

### 2.        Balance of Hardships.

The Property is Plaintiff's primary residence and she attests that if she is foreclosed upon, it would be a "catastrophe." (Declaration of Rosemary Greene, ¶ 8.) Defendant merely counters that if an injunction is granted, Plaintiff "would continue to be unjustly enriched at her lender's expense." (Opp. at 9.) However, Plaintiff's benefit of continuing to own and live in the home during the duration of the TRO would only be "unjust" if Defendant ultimately prevails on the merits. Moreover, the Court notes that the remedy for Plaintiff's claims under California Civil Code section 2923.6 and 2923.7, if her claims are successful, would be to enjoin the sale until the proper procedures are followed. If the property is sold before her claims are adjudicated, Plaintiff will lose this opportunity.

Defendant has not demonstrated that enjoining the foreclosure would result in damage to the Property or otherwise threaten its security interest. If this Court determines that Plaintiff's claims have no merit and allows the trustee's sale to proceed, then Defendant would be able to

1   recover the property.  On the other hand, the Court determines that permitting the foreclosure

2   sale to proceed before the Court has evaluated the merits of Plaintiff's claims would result in

3   severe hardship to Plaintiff.  In light of these considerations, the balance of hardships weigh

4   heavily in favor of injunctive relief.

5         **3.    Irreparable Harm.**

6         The loss of a residence through foreclosure presents an irreparable injury.  Defendant

7   does not contend otherwise.

8         **4.    Public Interest.**

9         The Court recognizes the public interest of enforcing Defendant's secured property

10  interests against default.  On the other hand, the Homeowner's Bill of Rights ("HBOR") was

11  enacted in California "to ensure that, as part of the nonjudicial foreclosure process, borrowers

12  are considered for, and have a meaningful opportunity to obtain, available loss mitigation

13  options, if any, offered by or through the borrower's mortgage servicer, such as loan

14  modifications or other alternatives to foreclosure."  Cal. Civ. Code § 2923.4.

15        **5.    Issuance of the TRO and Bond Requirement**.

16        Applying the "serious questions" sliding scale approach recognized in *Alliance for The*

17  *Wild Rockies*, 632 F.3d at 1135, the Court determines that issuance of a temporary restraining

18  order to enjoin the foreclosure sale of the Property is proper based on the serious questions

19  raised by Plaintiff's claims, the balance of hardships tipping heavily in favor of Plaintiff, the

20  strong possibility of irreparable injury to Plaintiff if injunctive relief is denied, and the public

21  interest in enforcing the HBOR.

22        Under Rule 65, "[t]he court may issue a preliminary injunction or a temporary

23  restraining order only if the movant gives security in an amount that the court considers proper

24  to pay the costs and damages sustained by any party found to have been wrongfully enjoined or

25  restrained."  Fed.R.Civ.P. 65(c).  Because Defendant has a secured interest in the Property and

26  will be permitted to proceed with foreclosure if a court determines that Plaintiff does not have

27  meritorious claims, the Court does not require Plaintiff to post a bond at this time.

28  ///

4

**CONCLUSION**

For the reasons set forth above, Plaintiff's application for TRO to enjoin the June 30, 2015 trustee's sale of the Property is GRANTED and Defendant is HEREBY ORDERED to Show Cause at 9:00 a.m. on July 10, 2015 why a preliminary injunction should not be issued. Plaintiff's motion for a preliminary injunction shall be filed by no later than June 30, 2015 at 2:00 p.m. Defendant's opposition, if any, shall be filed by no later than July 2, 2015 at 2:00 p.m. Plaintiff's reply, if any, shall be filed by no later than July 6, 2015 at 2:00 p.m.

PENDING HEARING on the above Order to Show Cause, Defendant, its officers, agents, servants, employees, and all persons acting in concert with Defendant, or on behalf of Defendant, ARE HEREBY RESTRAINED AND ENJOINED from directly or indirectly initiating foreclosure proceedings on the Property.

**IT IS SO ORDERED.**

Dated: June 26, 2015

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE