**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEMARY GREENE,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 15-00048 JSW

**ORDER REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Now before the Court is the motion to dismiss filed by Defendant Wells Fargo Bank ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. It finds the motion suitable for disposition without oral argument, and therefore VACATES the hearing scheduled for July 31, 2015. *See* Civil L.R. 7-1(b). For the reasons that follow, the Court hereby grants in part and denies in part Defendant's motion.[1]

**BACKGROUND**

The following facts are drawn from the complaint, and from judicially noticeable documents. Plaintiff Rosemary Greene ("Plaintiff") owns a home at 8000 Hansom Drive in Oakland, California (the "Property"), subject to a loan from Defendant. (Second Amended Compl. ("SAC"), ¶ 1.) Beginning in 2009, Plaintiff struggled with her mortgage payments. (3:13-cv-02774-WHA, ECF No. 1 ¶ 12 ("Greene I Compl.").) Due to her loss in income, Plaintiff fell behind on her monthly mortgage payments. (SAC, ¶ 2.)

---

[1] The Court GRANTS Defendant's request for judicial notice. *See* Fed R. Evid. 201(b).

1   Plaintiff submitted a loan modification application.  (Greene I Compl., ¶ 15.)  From
2   2010 until 2013, Defendant continued to request additional documents and Plaintiff continued
3   to supply them.  (*Id.*)  In 2013, Plaintiff's loan modification request was denied on the basis that
4   "the amount due could not fit the 31% of gross income guideline provided under HAMP."  (*Id.*
5   ¶ 16.)  On August 28, 2013, Wells Fargo recorded a notice of default on the Property.  (SAC, ¶
6   2.)

7   During September and October 2014, Plaintiff spoke to several representatives from
8   Defendant.  (*Id.*, ¶ 3.)  During these telephone conversations, Plaintiff requested a foreclosure
9   prevention strategy and that she be assigned to a single point of contact.  (*Id.*)  She explained
10  that she had experienced a change in her financial circumstances that warranted another review
11  for a loan modification.  (*Id.*)  On October 20, 2014, Plaintiff submitted "a complete first lien
12  loan modification application which included substantial evidence of her change in material
13  financial circumstances."  (*Id.,* ¶ 4.)

14  On November 5, 2014, Defendant's representative, Tamara Harris, orally requested
15  additional information, which Plaintiff promptly sent.  (*Id.*, ¶ 5.)  On November 13, 2014, Ms.
16  Harris told Plaintiff that her complete application had been forwarded to the underwriting
17  department for consideration.  (*Id.*, ¶ 6.)  Ms. Harris also sent Plaintiff a letter dated November
18  7, 2014, stating that the loan modification process had started.  (*Id.*)

19  On November 7, 2014, Defendant recorded a notice of trustee's sale.  In a letter dated
20  November 13, 2014, Defendant asked for additional information from Plaintiff, which Plaintiff
21  sent before the deadline set by Defendant.  (*Id.*)  The trustee's sale was initially set for January
22  7, 2015, but has been continued in thirty day increments.  (*Id.*)  Defendants have agreed to
23  postpone the trustee's sale pending the Court's consideration of Plaintiff's motion for a
24  preliminary injunction.

25  In her SAC, Plaintiff brings the following claims: (1) violation of California Civil Code
26  section 2923.6; (2) violation of California Civil Code section 2923.7; (3) violation of
27  California's Unfair Business Law ("UCL"), California Business and Professions Code sections
28

2

1  17200 *et seq*.; and (4) negligence. Defendant only moves to dismiss Plaintiff's UCL and
2  negligence claims.

3  The Court shall address additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.  Legal Standard for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris*, 682 F.3d at 1132. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S.*

1 *Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B. Defendant's Motion.**

**1. Plaintiff's UCL Claim.**

Defendant moves to dismiss Plaintiff's UCL claim on the grounds, *inter alia*, that she fails to allege facts sufficient to establish standing. In order to have standing under the UCL, a plaintiff must show that he or she has "suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. This provision requires a plaintiff to sufficiently allege: (1) he or she has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted).

The Court dismissed this claim because Plaintiff had not alleged facts sufficient to support a finding that she lost money or property as a result of Defendant's conduct. In particular, the Court noted that it was not clear whether the trustee's sale occurred or was pending. Plaintiff has now alleged that the trustee's sale is pending. Defendant has agreed to continue the sale, pending the Court's consideration of the motion for a preliminary injunction. However, Plaintiff has not alleged any facts which, if true, would be sufficient to demonstrate a *causal link* between the pending foreclosure and Defendant's alleged misconduct.

Courts have held that a plaintiff cannot allege the threshold standing requirement of causation when the plaintiff was already in default before the alleged misconduct was committed. Any economic injury due to the foreclosure would be caused by the plaintiff's default and not by the defendant's conduct. *See*, *e.g.*, *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013) (finding that because the plaintiff's "home was subject to nonjudicial foreclosure because of [her] default on her loan, which occurred before Defendants' alleged wrongful acts, [the plaintiff] cannot assert the impending foreclosure of her home (i.e., her alleged economic injury) was caused by Defendants' wrongful actions."); *Maomanivong v. Nat'l. City Mortgage Co.*, 2014 WL 4623873, at *18-19 (N.D. Cal. Sept. 15, 2014) ("Plaintiff

4

has pointed the court to no other cases, and the court has found none in its own research, in which a court has found that a homeowner has standing to bring a UCL claim against a lender for the lender's allegedly unlawful, unfair, or fraudulent conduct occurring after the homeowner's default, where the default was not induced by the conduct of the lender and where the conduct has not yet led to a foreclosure sale.").

Here, Plaintiff merely alleges in a conclusory fashion that she has been deprived of the opportunity to obtain a loan modification and, alternatively, has been deprived of the opportunity to seek relief elsewhere. Plaintiff appears to argue that the alleged violations of the Homeowner Bill of Rights are sufficient to show the requisite causal link. (Opp. at 2.) She fails to allege that there was a reasonable likelihood that her loan modification application would have been approved absent Defendant's purported misconduct. Moreover, Plaintiff has not alleged any facts to show that even if a foreclosure sale did occur, the sale would be the result of Defendant's alleged misconduct, as opposed to Plaintiff's default. Accordingly, the Court grants the motion to dismiss as to Plaintiff's UCL claim. The Court will provide Plaintiff with one more opportunity to allege sufficient facts to state a UCL claim. Plaintiff may file an amended UCL claim if she can, in good faith and in compliance with her obligations under Federal Rule of Civil Procedure 11, allege facts to show that she suffered an economic injury that was *caused* by Defendant's purported misconduct.

**2. Plaintiff's Negligence Claim.**

Defendant also moves to dismiss Plaintiff's negligence claim. The Court already dismissed Plaintiff's negligence claim, based on her failure to allege facts sufficient to show a breach of a legal duty that proximately caused any damages or injuries. Plaintiff failed to remedy this defect.

To state a negligence claim, Plaintiff must allege damages that were proximately caused by Defendant's breach of a duty of care. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). In the absence of facts sufficient to show that a defendant's alleged misconduct caused the plaintiff to foreclose or suffer other damages, courts have dismissed the negligence claims. *See Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, *22 (C.D. Cal.

5

June 25, 2015) (dismissing negligence claim because the plaintiff failed to plead facts suggesting there was a reasonable likelihood that her loan modification application would have been approved absent the defendants' purported negligence); *Garcia v. PNC Mortgage,* 2015 WL 534395, *10 (N.D. Cal. Feb. 9, 2015) (finding that the plaintiff failed to allege any "facts showing that, but for the alleged negligence, plaintiff would have obtained a loan modification or otherwise have been able to avoid foreclosure"); *Stiles v. Wells Fargo Bank*, 2014 WL 7146950, *7 (N.D. Cal. Dec. 15, 2014) (dismissing a negligence claim where, *inter alia,* plaintiff did "not adequately allege[ ] that she suffered damages as a result of any negligence on Defendant's part").

As noted above, Plaintiff alleges that she defaulted due to her own financial troubles, before any alleged misconduct by Defendant. Plaintiff does not plead facts suggesting that there was a reasonable likelihood that her loan modification application would have been approved absent Defendant's alleged misconduct. Moreover, she only conclusorily alleges that "she was deprived of the opportunity to seek relief elsewhere." (SAC, ¶ 23.) Plaintiff fails to allege any facts to demonstrate that there was alternative relief that she could have obtained or how Defendant's alleged misconduct prevented her from seeking such relief. Therefore, even assuming *arguendo* that Defendant owed her a legal duty, she has not alleged any damages that were *caused* by Defendant's breach of that duty.

Moreover, although the issue of whether a lender owes a duty of care to a borrower in the loan modification context is relatively unsettled, the Court noted that in cases finding a legal duty, the defendants mishandled documents, or otherwise alleged misconduct beyond a procedural violation of the Homeowners Bill of Rights. *See*, *e.g.*, *Alvarez v. BAC Home Loans Servicing*, 228 Cal. App. 4th 941, 945 (2014) (the plaintiffs alleged that defendants relied on incorrect information to deny plaintiffs' applications for a loan modification); *Rijhwani v. Wells Fargo Home Mortgage, Inc.*, 2014 WL 890016, at *17 (N.D Cal. Mar. 3, 2014) (the plaintiffs alleged that the defendant tricked them into defaulting on a loan and instructed them to ignore notices, while the defendant sold their home at a foreclosure sale); *Lueras*, 221 Cal. App. 4th at 68 ("a lender does owe a duty to a borrower to not make material misrepresentations about the

6

status of an application for a loan modification or about the date, time, or status of a foreclosure sale."). Even if under certain circumstances a lender may owe a duty of care to a borrower in connection with an application for a loan modification, Plaintiff has not alleged facts which would be sufficient to show that Defendant owed her a legal duty.

The Court will provide Plaintiff with one last opportunity to amend her negligence claim. Plaintiff may file an amended negligence claim if she can, in good faith and in compliance with her obligations under Rule 11, allege facts to show that Defendant mishandled her loan modification in a manner sufficiently similar to the misconduct alleged in *Alvarez* or *Rijhwani*. Moreover, Plaintiff may only amend her negligence claim if she can allege facts in good faith that show she incurred damages that were *caused* by Defendant's breach of a legal duty.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's UCL and negligence claims. Because this Court cannot say that it would be an act of futility to amend the dismissed claims, Plaintiff may file an amended complaint to cure the defects addressed in this Order by no later than August 19, 2015. Defendant shall answer or otherwise respond by no later than September 9, 2015.

**IT IS SO ORDERED.**

Dated: July 28, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7