LAW OFFICE OF ALDON BOLANOS
ALDON L. BOLANOS, ESQ.
SEVEN HUNDRED "E" STREET
SACRAMENTO, CALIFORNIA 95814
TELEPHONE:   916.446.2800
WWW.ALDONLAW.COM

Attorneys for Plaintiff
ROSEMARY GREENE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| Rosemary Greene,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>Defendant. | Case No.  4-15-CV-00048-JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Date:<br>Time:<br>Ctrm: |

## I.  INTRODUCTION

Plaintiff Rosemary Greene ("Plaintiff") respectfully petitions this Court for a Protective Order to preclude Defendant Wells Fargo Bank, N.A., ("Defendant") from taking Plaintiff's deposition.  Plaintiff brings this motion at this time to avoid abuse of the discovery process and unwarranted annoyance, embarrassment, and oppression.  The basis for Plaintiff's motion is that she suffers from ill health and cannot withstand the rigors of an all-day deposition. Moreover, there are available to the parties less burdensome alternatives for obtaining the same information from Ms. Greene.

## II. STATEMENT OF FACTS

Plaintiff's deposition was originally noticed for August 17, 2015. On August 9, 2015, counsel for Plaintiff in good faith conferred with the opposing party; notifying defense counsel that Plaintiff's health precluded her from sitting for a deposition. Contingent upon Plaintiff promptly filing a motion for protective order, defense counsel agreed to postpone the deposition to the following week to give this Court sufficient time to rule on merits of motion for protective order. This motion followed.

## III. LAW AND ARGUMENT

A.   LEGAL STANDARD OF REVIEW

The party to whom discovery is directed may move for a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. FED.R.CIV.P. Rule 26(c)(1) provides in pertinent part that: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ."

In fashioning a protective order, the court can "prescrib[e] a discovery method other than the one selected by the party seeking discovery." FED.R.CIV.P. 26(c)(1)(C). "For good cause to exist, the party seeking protection bears the burden of showing specific harm or prejudice will result if no protective order is granted." *Phillips ex rel. Estate of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)

B.  GOOD CAUSE EXISTS TO ISSUE A PROTECTIVE ORDER

Good cause exists to enter a protective order preventing Plaintiff's deposition because she is suffering from a serious medical condition. California courts have granted motions for protective order for medical reasons. See *Stanchfield v. Hamar Toyota, Inc.,* 37 Cal.App.4th 1495, 1506 (1995) (granting of motion for protective order based on physician's declaration that defendant was suffering from senility and that the stresses of a deposition would exacerbate his condition).

Plaintiff is currently undergoing treatment for severe anxiety. She is under the treatment of Joshua Orlans LCSW/MPH who is the Clinical Social Work Supervisor at the Oakland VA Behavioral Health Clinic. (Please see Exhibit A to Greene Declaration concurrently filed). It is Mr. Orlans's opinion that Plaintiff's condition prevents her from sitting for a deposition. (*Id.*). Plaintiff's current mental health is too fragile to withstand the rigors of an all-day deposition.

Despite having been informed of Plaintiff's medical condition, Defendant has refused to cancel her deposition. This Court can ensure that the information that Defendant seeks can be obtained by prescribing an alternative discovery method such as interrogatories. See FED.R.CIV.P. 26(c)(1)(C).

Defendant's demand to subject Plaintiff to an examination by Defendant's counsel in a deposition, under these circumstances, constitutes an unwarranted annoyance, oppression, and undue burden. Accordingly, good cause exists to enter a protective order to prevent Defendant from subjecting Plaintiff to a deposition.

///

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a protective order barring Defendant from taking Plaintiff's deposition.

Dated: August 10, 2015                    LAW OFFICE OF ALDON BOLANOS

                                            **/s/ Aldon L. Bolanos**
                                            Aldon Bolanos, Esq.
                                            Attorney for Plaintiff