IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY GREENE,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | No. C 15-00048 JSW<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Re: Docket No. 67 |

Now before the Court for consideration is the August 18, 2015 joint letter brief, in which Plaintiff Rosemary Greene seeks a protective order to preclude Defendant Wells Fargo Bank, N.A., from taking her deposition. The Court determines that this matter is appropriate for disposition without oral argument and it is deemed submitted. *See* N.D. Civ. L.R. 7-1(b).

Under Rule 26, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party attempting to avoid discovery carries a heavy burden of demonstrating why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). The Court may direct that discovery should proceed using a method other than that selected by the party seeking discovery. Fed. R. Civ. P. 26(c)(1)(C). However, a "strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship*, 519 F.2d at 429.

Plaintiff contends that good cause exists to enter a protective order because she is undergoing treatment for atrial fibrillation and posttraumatic stress disorder. In support of this contention, she attaches a letter by a doctor of internal and bariatric medicine, which states: "Mrs. Greene cannot participate in executing a deposition due to medical conditions; atrial fibrillation and posttraumatic stress disorder." In response, Defendant notes, *inter alia*, that Plaintiff's Second Amended Complaint states that Plaintiff has recently earned her living as a realtor. Defendant also has limited the deposition, which is noticed to begin at 1:00 p.m., to four hours of testimony, excluding breaks, reserving the right to notice a second half-day deposition.

Plaintiff has not explained why the noticed deposition would place a greater burden on her health than does the practice of her profession. Indeed, neither Plaintiff nor her doctor provide any medical basis for the assertion that Plaintiff "cannot" be deposed due to her health conditions. *See, e.g.*, *Conforto v. Mabus*, No. 12-cv-1316, 2014 WL 3896079, *6 (S.D. Cal. Aug. 8, 2014) (granting motion to compel videotaped deposition despite doctor's opinion that deposition would burden the plaintiff's health). The Court finds that Plaintiff's conclusory assertions fall short of satisfying Plaintiff's heavy burden of showing "specific prejudice or harm that will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

For the foregoing reasons, the Court DENIES Plaintiff's request for a protective order. The deposition of Plaintiff shall proceed as noticed.

**IT IS SO ORDERED.**

Dated: August 21, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2