IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY GREENE,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant.<br>_____ / | No. C 15-00048 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AND FOURTH CAUSES OF ACTION IN THE THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 72, 73, 75 |

Now before the Court is Defendant Wells Fargo Bank's motion to dismiss the third and fourth causes of action in Plaintiff Rosemary Greene's Third Amended Complaint (Dkt. No. 72). The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons that follow, the Court hereby GRANTS Defendant's motion.[1]

**BACKGROUND**

The following facts are drawn from the Complaint, and from judicially noticeable documents. Plaintiff Rosemary Greene owns a home at 8000 Hansom Drive in Oakland, California (the "Property"), subject to a loan from Defendant. (Third Amended Compl. ("TAC") ¶ 1.) Beginning in 2009, Plaintiff struggled with her mortgage payments. (3:13-cv-02774-WHA, Dkt. No. 1 ¶ 12 ("*Greene I* Compl.").) Due to her loss in income, Plaintiff fell behind on her monthly mortgage payments. (TAC ¶ 2.)

---

[1] The Court also GRANTS the parties' requests for judicial notice (Dkt. Nos. 73, 75). *See* Fed R. Evid. 201(b).

From 2009 through 2013, Plaintiff was engaged in loan modification negotiations with Defendant and submitted a loan modification application. (*Id.*) Plaintiff alleges that "during those negotiations bank representatives instructed her to refrain from including any commission-based income on her application or subsequent submittals of information." (*Id.*) In 2013, Plaintiff's loan modification request was denied on the basis that "the amount due could not fit the 31% of gross income guideline provided under HAMP." (*Greene I* Compl. ¶ 16; *see also* TAC ¶ 2.) On August 28, 2013, Wells Fargo recorded a notice of default on the Property. (TAC, ¶ 2.)

On May 14, 2013, Plaintiff filed an action against Wells Fargo in Alameda County Superior Court, asserting five causes of action relating to the bank's processing and denial of her application for a potential loan modification. (*Greene I* Compl.) Defendant removed the case to the Northern District of California. (3:13-cv-02774-WHA, Dkt. No. 1.) On August 23, 2013, the district court dismissed the case, but granted leave to amend, providing that any amended complaint should be filed by September 6, 2013. (3:13-cv-02774-WHA, Dkt. No. 24.) Plaintiff did not file an amended complaint, and the court entered a judgment of dismissal with prejudice on September 9, 2013. (3:13-cv-02774-WHA, Dkt. No. 26.)

During September and October 2014, Plaintiff spoke to representatives from Defendant. (TAC ¶ 3.) During these telephone conversations, Plaintiff requested a foreclosure prevention alternative and that she be assigned to a single point of contact. (*Id.*) She "explained that she had experienced a material change in financial circumstances such that she should again be reviewed for a loan modification." (*Id.*) On October 20, 2014, Plaintiff submitted "a complete first lien loan modification application which included substantial evidence of her change in material financial circumstances." (*Id.* ¶ 4.)

On November 5, 2014, Defendant's representative orally requested additional information, which Plaintiff promptly sent. (*Id.* ¶ 5.) On November 13, 2014, the same representative told Plaintiff that her complete application had been forwarded to the underwriting department for consideration. (*Id.* ¶ 6.) The representative also sent Plaintiff a letter dated November 7, 2014, stating that the loan modification process had started. (*Id.*)

2

Also on November 7, 2014, Defendant recorded a notice of trustee's sale. (*Id.*) In a letter dated November 13, 2014, Defendant asked for additional information from Plaintiff, which Plaintiff sent before the deadline set by Defendant. (*Id.*) The trustee's sale was initially set for January 7, 2015, but has been continued for various reasons and has not yet taken place. (*Id.* ¶ 7.) Defendants have agreed to postpone the trustee's sale pending the Court's consideration of Plaintiff's motion for a preliminary injunction.

In her TAC, Plaintiff brings the following claims: (1) violation of California Civil Code section 2923.6; (2) violation of California Civil Code section 2923.7; (3) violation of California's Unfair Business Law ("UCL"), California Business and Professions Code sections 17200 *et seq.*; and (4) negligence. In the present motion, Defendant only moves to dismiss Plaintiff's UCL and negligence claims.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Legal Standard for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are

3

insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris*, 682 F.3d at 1132. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.     The Court Grants Defendant's Motion to Dismiss the Third and Fourth Causes of Action in the Third Amended Complaint.**

    **1.     Plaintiff's UCL Claim.**

Defendant moves to dismiss Plaintiff's UCL claim on the grounds, *inter alia*, that she fails to allege facts sufficient to establish standing. In order to have standing under the UCL, a plaintiff must show that he or she has "suffered injury in fact and [] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. This provision requires a plaintiff to sufficiently allege that: (1) he or she has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted).

The Court previously dismissed this claim because Plaintiff had not alleged facts that, if true, would be sufficient to support a finding that she lost money or property as a result of Defendant's conduct. Courts have held that a plaintiff cannot allege the threshold standing requirement of causation when the plaintiff was already in default before the alleged misconduct was committed. Any economic injury due to the foreclosure would be caused by the plaintiff's default and not by the defendant's conduct. *See, e.g.*, *Jenkins v. JP Morgan*

4

1  *Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013) (finding that because the plaintiff's "home
2  was subject to nonjudicial foreclosure because of [her] default on her loan, which occurred
3  before Defendants' alleged wrongful acts, [the plaintiff] cannot assert the impending
4  foreclosure of her home (i.e., her alleged economic injury) was caused by Defendants' wrongful
5  actions."); *Maomanivong v. Nat'l. City Mortgage Co.*, 2014 WL 4623873, at *18-19 (N.D. Cal.
6  Sept. 15, 2014) ("Plaintiff has pointed the court to no other cases, and the court has found none
7  in its own research, in which a court has found that a homeowner has standing to bring a UCL
8  claim against a lender for the lender's allegedly unlawful, unfair, or fraudulent conduct
9  occurring after the homeowner's default, where the default was not induced by the conduct of
10 the lender and where the conduct has not yet led to a foreclosure sale.").

11       To attempt to overcome the lack of any causal link between the pending foreclosure and
12 Defendant's alleged misconduct, Plaintiff has included new allegations in the TAC.  She alleges
13 that during her loan modification negotiations with Defendant from 2009 through 2013, bank
14 representatives instructed her to refrain from including any commission-based income in her
15 application or subsequent submittals of information.  (TAC ¶ 2.)  She followed these
16 instructions.  (*Id.*)  The bank then recorded a notice of default.  (*Id.*)  She now "alleges on
17 information and belief that had the representatives been truthful with her, and had she provided
18 to the underwriters the commission-based income, she would have qualified for a loan
19 modification at that time and there would never have been a recorded notice of default against
20 her home.  Moreover, had all the financial data been submitted at the outset, as plaintiff wanted,
21 the 'data collection date' of evaluation would have been much earlier and therefore the
22 likelihood of the modification being granted would have been greater."  (*Id.*)  These allegations,
23 she asserts, mean that but for Defendant's alleged misconduct, she would have received her
24 loan modification and a notice of default would never have been recorded against her home.

25       These allegations suffer from two fatal deficiencies.  First, they are barred by *res
26 judicata*.  "To trigger the doctrine of *res judicata*, the earlier suit must have (1) involved the
27 same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and
28 (3) involved identical parties or privies."  *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.

1  2002). Identity of claims exists when two suits arise from the same transactional nucleus of
2  facts. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d
3  1064, 1078 (9th Cir. 2003). "*Res judicata* bars relitigation of all grounds of recovery that were
4  asserted, or could have been asserted, in a previous action between the parties, where the
5  previous action was resolved on the merits." *Id.* (quotation omitted). The relevant inquiry is
6  not whether the claims being asserted actually were pursued in the action that led to the prior
7  judgment, but whether they could have been pursued. *Id.*

8  Plaintiff's prior loan modification application had already been denied for failure to
9  meet the HAMP income guidelines at the time she filed her complaint *Greene I*. (*Greene I*
10  Compl. ¶ 16.) Also, Plaintiff alleges that the notice of default was recorded against her home
11  on August 28, 2013. (TAC ¶ 2.) Either of these events should have put Plaintiff on notice that
12  advice to omit income from her loan modification application was erroneous, and she could
13  have asserted it in *Greene I*. Yet she failed to include this information in her complaint in
14  *Greene I*, or to file an amended complaint, even after the district court gave her leave to do so
15  by September 6, 2013. (3:13-cv-02774-WHA, Dkt. No. 24.)

16  In her opposition to the motion to dismiss, Plaintiff now states that she "could not have
17  raised these allegations because she was unaware of the reason she was denied a loan
18  modification — failure to include commission-based income on loan modification applications
19  following the bank representatives' instructions — until after final judgment had been rendered
20  in the earlier suit." (Opp. at 3-4.) But Plaintiff does not allege that any new factual information
21  has come to her attention after the final judgment in *Greene I*. She knew before filing her
22  complaint in *Greene I* that Defendant's representatives had allegedly told her not to include
23  commission-based income in her loan modification application; she knew that she had not done
24  so; she knew that the application had been denied for failure to meet income guidelines. Much
25  less does she allege in the TAC any factual information that she could not have discovered
26  previously with a modicum of diligence. Rather, in the TAC she only draws a new inference
27  from facts previously known to her, namely, "upon information and belief," that her application
28  would not have been denied had she included commission-based income. (TAC ¶ 2.) But

6

"[u]nder federal law, [a plaintiff] does not avoid the bar of *res judicata* merely because he now alleges conduct . . . not alleged in his prior suit, nor because he has pleaded a new legal theory. Rather, the crucial question is whether appellant has stated in the instant suit a cause of action different from those raised in his first suit." *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Plaintiff could have included this legal theory in *Greene I*, but failed to do so. Accordingly, these new allegations are barred by *res judicata*.

Plaintiff's attempt in the TAC to overcome the lack of any causal link between the pending foreclosure and Defendant's alleged misconduct also suffers from a second, related problem. She fails to allege any facts supporting a claim that the advice that she allegedly received from Defendant's representatives in connection with her first loan modification application in 2009-2013 also led to the breakdown of the second round of loan modification negotiations in the autumn of 2014, the subject of this present action. By 2014, Plaintiff's first loan modification application had been denied for failure to meet the income guidelines. She does not allege that she nonetheless again omitted her commission-based income from her 2014 application, or that it would have been reasonable for her to do so. On the contrary, she alleges that in September and October 2014 "[s]he explained to the bank representative that the material change in financial circumstances was that Ms. Greene is a licensed realtor and had recently generated thousands of dollars in commission-based income which could now be counted and applied to her loan modification application." (TAC ¶ 3.) The additional allegations regarding Defendant's erroneous advice to Plaintiff in 2009-2013 thus fail to cure the deficiencies previously identified by this Court regarding Plaintiff's third cause of action. (*See* Order Regarding Motion to Dismiss Second Amended Complaint, Dkt. No. 64, at 4-5.) The remainder of Plaintiff's allegations in support of her third cause of action remain too conclusory to state a UCL claim. Plaintiff has not alleged any facts to show that even if a foreclosure sale did occur, the sale would be the result of Defendant's alleged misconduct, as opposed to Plaintiff's default. Accordingly, the Court grants the motion to dismiss Plaintiff's UCL claim.

### 2. Plaintiff's Negligence Claim.

Defendant also moves to dismiss Plaintiff's fourth cause of action, her claim for negligence. The Court previously dismissed Plaintiff's negligence claim due to her failure to allege facts sufficient to show a breach of a legal duty that proximately caused any damages or injuries. Plaintiff has failed to remedy this defect.

To state a negligence claim, Plaintiff must allege damages that were proximately caused by Defendant's breach of a duty of care. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). In the absence of facts sufficient to show that a defendant's alleged misconduct caused the plaintiff to suffer foreclosure or other damages, courts have dismissed negligence claims. *See Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, *22 (C.D. Cal. June 25, 2015) (dismissing negligence claim because the plaintiff failed to plead facts suggesting there was a reasonable likelihood that her loan modification application would have been approved absent the defendants' purported negligence); *Garcia v. PNC Mortgage,* 2015 WL 534395, *10 (N.D. Cal. Feb. 9, 2015) (finding that the plaintiff failed to allege any "facts showing that, but for the alleged negligence, plaintiff would have obtained a loan modification or otherwise have been able to avoid foreclosure"); *Stiles v. Wells Fargo Bank*, 2014 WL 7146950, *7 (N.D. Cal. Dec. 15, 2014) (dismissing a negligence claim where, *inter alia,* plaintiff did "not adequately allege[ ] that she suffered damages as a result of any negligence on Defendant's part").

The issue of whether a lender ever owes a duty of care to a borrower in the loan modification context is relatively unsettled, but the Court need not reach it here. The cases finding a legal duty include claims that the defendants mishandled documents, or otherwise committed misconduct beyond a procedural violation of the Homeowners Bill of Rights. *See*, *e.g.*, *Alvarez v. BAC Home Loans Servicing*, 228 Cal. App. 4th 941, 945 (2014) (the plaintiffs alleged that defendants relied on incorrect information to deny plaintiffs' applications for a loan modification); *Rijhwani v. Wells Fargo Home Mortgage, Inc.*, 2014 WL 890016, at *17 (N.D Cal. Mar. 3, 2014) (the plaintiffs alleged that the defendant tricked them into defaulting on a loan and instructed them to ignore notices, while the defendant sold their home at a foreclosure

8

sale); *Lueras*, 221 Cal. App. 4th at 68 ("a lender does owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale."). Even if under certain circumstances a lender may owe a duty of care to a borrower in connection with an application for a loan modification, Plaintiff has not alleged facts which would be sufficient to show that Defendant mishandled her loan modification in a manner sufficiently similar to the misconduct alleged in these cases.[2]

In dismissing Plaintiff's negligence claim previously, the Court found that Plaintiff alleged that she defaulted due to her own financial troubles, before any alleged misconduct by Defendant. She now asserts that her new allegations in the TAC regarding Defendant's 2009-2003 instructions not to include commission-based income in her loan modification application remedy provide the requisite misconduct. However, these claims fail to support Plaintiff's negligence claim for the same reasons that they fail to support her UCL claim. They are precluded by *res judicata*,[3] and they are not causally connected to the 2014 notice of trustee's sale, which followed the 2014 application that included commission-based income. *See supra*. Thus, Plaintiff still does not plead facts that support her assertion that there was a reasonable likelihood that her loan modification application would have been approved absent Defendant's alleged misconduct. Still less does she allege that any misconduct by Defendant caused her to default in the first place; Defendant's alleged 2009-2013 mis-statements postdated her default.

---

[2] Plaintiff does not allege that Defendant's November 7 and November 13, 2014 statements that her loan modification application was being considered constituted "material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale," even though Defendant was simultaneously noticing a trustee's sale. *Lueras*, 221 Cal. App. 4th at 68. Moreover, she fails to allege any action she took, or could have taken, in reliance on the November 7 and November 13, 2014 statements before receiving the notice of trustee's sale.

[3] Plaintiff also alleges that "the *res judicata* bar does not apply to 2013 loan modification application with respect to the negligence cause of action because this cause of action only came into being after the *Alvarez v. BAC Home Loans Servicing* case was decided in 2014." (Opp. at 4.) Plaintiff provides no authority, however, for the proposition that the courts' recognition of a potential new legal theory provides an exception to *res judicata*. *See Constantini*, 681 F.2d at 1201("[u]nder federal law, [a plaintiff] does not avoid the bar of *res judicata* merely . . . because he has pleaded a new legal theory." ). Moreover, Plaintiff's 2013 complaint in *Greene I* actually did assert a negligence claim, which casts doubt on her argument that it could not have done so.

9

Nor does Plaintiff allege any facts to demonstrate that there was alternative relief that she could have obtained, or that Defendant's alleged misconduct prevented her from seeking such relief. Her opposition to the motion to dismiss asserts that, in the TAC, she alleged that she "could have obtained alternative financing in the form of a 'hard money' loan or money from relatives if she had known that Wells Fargo was not going to consider her loan modification in good faith." (Opp. at 7.) The cited paragraph of the TAC, however, does not support this assertion. Rather, it states that the harm to Plaintiff included "the loss of the opportunity to obtain a loan modification, and alternatively, the loss of the opportunity to seek relief elsewhere because she did nothing in reliance that her loan modification was being considered in good faith, and did not undertake to engage alternative 'hard money' financing to cure the default or some such other manner or means of curing the default, such as borrowing money from relatives." (TAC ¶ 23.) In other words, Plaintiff alleges that she failed to *seek* any hypothetical type of alternative relief. She does not allege that alternative relief, which she could have obtained, actually existed and would have been available to her. She also does not allege that any such alternative relief became unavailable later, and that she could only have obtained it during a period of time in which she relied on Defendant's actions. Therefore, even assuming *arguendo* that Defendant owed her a legal duty, she has not alleged that she incurred any damages that were *caused* by Defendant's breach of that duty.

**C.    The Court Denies, as Futile, Further Leave to Amend the Third and Fourth Causes of Action in the Third Amended Complaint.**

The Court freely gives leave to amend when justice so requires, unless amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). Here, Plaintiff has already had three opportunities to amend her Complaint in this action. She also had the opportunity to bring a prior, closely-related action. (3:13-cv-02774-WHA.) In the order granting in part Defendant's motion to dismiss the Second Amended Complaint, the Court warned Plaintiff that she was being given "one more opportunity to allege sufficient facts to state a UCL claim" and "one last opportunity to amend

her negligence claim." The Court now finds that further leave to amend would be futile. Accordingly, the Court dismisses the third and fourth causes of action in the TAC without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's UCL and negligence claims without leave to amend. Within 21 days after the date of this order, Defendant shall file and serve an answer to the surviving claims in the TAC.

**IT IS SO ORDERED.**

Dated: November 30, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE