Robert A Bailey (#214688)
 rbailey@afrct.com
Michael Rapkine (#222811)
 mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage FSB and World Savings
Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| ROSEMARY GREENE,<br><br>             Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A.,<br><br>             Defendant. | CASE NO.: 4:15-CV-00048-JSW<br><br>**ANSWER BY DEFENDANT WELLS FARGO TO THE THIRD AMENDED COMPLAINT**<br><br>[The Honorable Jeffrey S. White] |

Pursuant to the Court's order dated November 30, 2015 (Doc. 88), defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby answers the Third Amended Complaint ("complaint") filed by plaintiff Rosemary Greene as follows:

1. Answering paragraph 1, Wells Fargo admits that plaintiff obtained a home loan from Wells Fargo's predecessor-in-interest (World Savings Bank, FSB) in 2007, and that this loan was secured by a first position deed of trust recorded against real property located at 8000 Hansom Drive, Oakland, California. (the "property" or "subject property"). Wells Fargo further admits that the loan number for this mortgage is 0045892312. With regard to the statement that the subject property is plaintiff's "family home" and "primary residence", Wells Fargo is without

1  sufficient information or belief to answer these allegations, and on that basis it denies these
2  contentions.

3      2.    Answering paragraph 2, Wells Fargo admits that plaintiff "fell behind on her
4  monthly mortgage payments." In fact, plaintiff has not made a mortgage payment to Wells
5  Fargo since late 2009. As for the assertion that plaintiff "experienced a substantial drop in her
6  income" after the Great Recession, Wells Fargo is without sufficient information or belief to
7  answer this allegation, and on that basis it denies plaintiff's contention. With regard to the
8  statement that plaintiff was engaged in "loan modification negotiations" with Wells Fargo from
9  2009 through 2013, the bank admits this allegation. It should be added that plaintiff obtained a
10 loan modification in early 2009, and then defaulted on the modified loan in late 2009. Following
11 plaintiff's default on the modified loan, plaintiff has been repeatedly reviewed and denied for
12 another modification, due to her income and other metrics. Wells Fargo denies that any bank
13 employee, representative or agent ever instructed plaintiff "to refrain from including any
14 commission-based income on her application or [during] subsequent submittals of information."
15 Wells Fargo further denies that plaintiff refrained from excluding any income that she had on a
16 modification application. In addition, Wells Fargo denies that plaintiff would have qualified for
17 a second loan modification "but for" some purported misrepresentation or blunder by a bank
18 representative, or that any action or inaction by Wells Fargo ever decreased the likelihood that
19 plaintiff would qualify for a second modification. Finally, Wells Fargo admits that it recorded a
20 notice of default with respect to the subject loan in August 2013. However, Wells Fargo denies
21 that the recordation of this foreclosure notice was improper or a violation of any law.

22     3.    Answering paragraph 3, Wells Fargo admits that plaintiff and bank representative
23 Tamara Harris had telephone conversations in October 2014 concerning the potential of yet
24 another loan modification review. With regard to plaintiff's allegation that she had a telephone
25 conversation with Tamara Harris in September 2014, Wells Fargo lacks sufficient information to
26 admit or deny this contention, and on that basis, it denies the allegation. Wells Fargo also denies
27 that plaintiff had "a series of telephonic conferences" with other bank representatives during
28 September and October 2014. In addition, Wells Fargo denies that plaintiff asked to be assigned


1  a "single point of contact."  Furthermore, Wells Fargo denies that plaintiff demonstrated a
2  "material change in financial circumstances" that would require the bank to conduct yet another
3  modification review.

4      4.    Answering paragraph 4, Wells Fargo denies that plaintiff furnished the bank with
5  a "complete" loan modification application in the fall or winter of 2014.  Wells Fargo further
6  denies that any documentation that plaintiff submitted during this period demonstrated a
7  "material change in financial circumstances" or "new financial strength."  With regard to
8  plaintiff's allegation that "[s]he also submitted documentation showing that she had been
9  discharged from bankruptcy in 2013," Wells Fargo lacks sufficient information to admit or deny
10 this statement, and on that basis, it denies the allegation.

11     5.    Answering paragraph 5, Wells Fargo lacks sufficient information to presently
12 corroborate whether plaintiff had a telephone conversation with Tamara Harris on November 5,
13 2014, and on that basis it denies the allegation.  Similarly, Wells Fargo lacks sufficient
14 information to presently confirm whether a third party recorded this telephone call, and on that
15 basis it denies the allegation.  Likewise, Wells Fargo is without sufficient information or belief to
16 confirm or deny whether Tamara Harris requested additional financial documentation from
17 plaintiff on November 5, 2014, and on that basis it denies plaintiff's contention.  As for
18 plaintiff's allegation that she "immediately faxed a letter fully explaining the material change [in
19 finances] as well as [an] attendant bank statement showing the additional income," Wells Fargo
20 denies these allegations.

21     6.    Answering paragraph 6, Wells Fargo is without sufficient information or belief to
22 confirm or deny the allegation that plaintiff, Tamara Harris, and a third party had a subsequent
23 telephone conversation on November 13, 2014, and on that basis, it denies the allegation.  Wells
24 Fargo also lacks sufficient information to confirm or deny whether a third party recorded this
25 supposed telephone conversation on November 13, and on that basis, it denies the allegation.  As
26 for the allegation that Tamara Harris told plaintiff on November 13 that a "complete"
27 modification application had been forwarded to the bank's underwriting department for review,
28 Wells Fargo denies the allegation.  With respect to the allegation that "Ms. Harris also sent

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  plaintiff a letter dated November 7, 2014 stating that the loan modification process had started,"
2  Wells Fargo lacks sufficient information or belief to admit or deny this contention, and on that
3  basis, it denies the allegation.  As for the recordation of a notice of trustee's sale, Wells Fargo
4  admits that its trustee recorded a notice of sale on November 7, 2014.  However, Wells Fargo
5  denies that recordation of this notice of sale – or any foreclosure notice with respect to the
6  subject loan – was improper or in violation of any law.  As for the allegation that the bank sent
7  plaintiff another letter dated November 13, 2014, "asking for a profit and loss statement and auto
8  registration," Wells Fargo lacks sufficient information to admit or deny this contention, and on
9  that basis, it denies the allegation.  Wells Fargo likewise denies that the November 13 letter or
10 any correspondence was generated or sent with the intent to divert plaintiff from curing her loan
11 delinquency or to discourage plaintiff in any way from seeking foreclosure prevention
12 alternatives.  Finally, Wells Fargo denies that "on December 2, 2014, Ms. Greene provided Ms.
13 Harris a letter and an updated RMA [Request for Mortgage Assistance] reflecting [an] upsurge in
14 her income due to her real estate commission."

15     7.     Answering paragraph 7, Wells Fargo notes that portions of this paragraph contain
16 legal conclusions that do not require a response.  To the extent that facts are stated, Wells Fargo
17 denies them as written.  Specifically, Wells Fargo reiterates its denial that plaintiff ever
18 submitted a "complete" modification application in the fall or winter of 2014.  Wells Fargo also
19 denies that it committed "dual tracking" by recording a notice of trustee's sale on November 7,
20 2014.  Wells Fargo does admit that plaintiff recently secured a temporary restraining order that
21 has enjoined the bank from completing the non-judicial foreclosure on the subject property;
22 however, Wells Fargo vehemently denies that plaintiff can state a viable statutory or common
23 law claim, or even cite a minute defect in the foreclosure mechanics for that matter.

24     8.     Answering paragraph 8, Wells Fargo admits that in conjunction with plaintiff's
25 most recent loan modification review, plaintiff did not receive a modification denial before the
26 notice of trustee's sale was recorded on November 7, 2014.  However, plaintiff did not submit a
27 complete modification application at any point during the fall or winter of 2014.  Furthermore,
28 discovery to date has revealed that the subject property was not even plaintiff's primary

residence in 2013 and 2014.  Accordingly, Wells Fargo denies that plaintiff can state a viable statutory or common law claim. (*see* affirmative defenses for further defects that plague the surviving claims in the operative Third Amended Complaint).

## FIRST CAUSE OF ACTION

### (Violation of the California Homeowners' Bill of Rights: Dual Tracking)

9. Answering paragraph 9, Wells Fargo refers to and incorporates its responses from paragraphs 1 through 8 above.

10. Answering paragraph 10, Wells Fargo notes that this paragraph consists entirely of legal conclusions not requiring a response.  Nevertheless, Wells Fargo denies that it violated Civil Code Section 2923.6, or any provision within the California Homeowners' Bill of Rights.

11. Answering paragraph 11, Wells Fargo denies that it received a "completed" loan modification application from plaintiff on October 20, 2014.  With regard to the allegation that plaintiff had a telephone conference with a bank representative on November 3, 2014 and immediately provided all requested supplemental information, Wells Fargo likewise denies these allegations.  As for the allegation concerning recordation of the notice of trustee's sale, Wells Fargo admits that it had its trustee record a notice of sale with the Alameda County Recorder's Office on November 7, 2014.  However, Wells Fargo denies that a complete modification application was under submission at the time that the notice of sale was recorded.  Wells Fargo also denies that it failed to notify plaintiff concerning missing items in her loan modification application package.  Finally, Wells Fargo denies that it has failed to notify plaintiff that her modification request had been denied – the most recent modification denial was sent to plaintiff in December 2014.

12. Answering paragraph 12, Wells Fargo notes that this paragraph contains legal conclusions not requiring a response.  To the extent that facts are alleged, Wells Fargo denies that it committed "dual tracking" in violation of Civil Code Section 2923.6.  Wells Fargo also denies that it has violated any provision within the California Homeowners' Bill of Rights.  In addition, Wells Fargo denies that plaintiff has been damaged in any manner as a result of the bank's purported conduct.

## SECOND CAUSE OF ACTION

**(Violation of the California Homeowners' Bill of Rights: Multiple Points of Contact)**

13. Answering paragraph 13, Wells Fargo refers to and incorporates its responses from paragraphs 1 through 12 above.

14. Answering paragraph 14, Wells Fargo notes that this paragraph consists entirely of legal conclusions not requiring a response. Nevertheless, Wells Fargo denies that it violated Civil Code Section 2923.7, or any provision of the California Homeowners' Bill of Rights.

15. Answering paragraph 15, Wells Fargo denies that plaintiff "was shuttled around a veritable phone tree of Wells Fargo representatives, who offered conflicting and divergent and in one instance downright unlawful advice and information about her home loan." Wells Fargo further denies that it has violated Civil Code Section 2923.7 or any provision of the Homeowners' Bill of Rights. In addition, Wells Fargo denies that any bank employee, agent or representative has ever offered plaintiff advice or information with the intent "to divert, confuse, [or] placate [her]" during the non-judicial foreclosure process. Finally, Wells Fargo denies that plaintiff has suffered any damages as a result of the bank's purported conduct.

## THIRD CAUSE OF ACTION

**(Unfair Business Practices)**

16. Answering paragraphs 16 through 20, Wells Fargo denies each of plaintiff's allegations. Equally important, the Court granted Wells Fargo's motion to dismiss the UCL claim without leave to amend, and dismissed this claim with prejudice on November 30, 2015. (Doc. 88).

## FOURTH CAUSE OF ACTION

**(Negligence)**

17. Answering paragraphs 21 through 23, Wells Fargo denies each of plaintiff's allegations. Equally important, the Court granted Wells Fargo's motion to dismiss the negligence claim without leave to amend, and dismissed this claim with prejudice on November 30, 2015. (Doc. 88).

///

18. Answering the prayer for relief (paragraphs 1 through 6), Wells Fargo denies that plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. AS A SEPARATE DEFENSE, neither the complaint nor any cause of action in the complaint states facts sufficient to constitute a cause of action against Wells Fargo.

### SECOND AFFIRMATIVE DEFENSE
(Default)

2. AS A FURTHER SEPARATE DEFENSE, the loan at issue is secured by a first position deed of trust which is in default. Accordingly, Wells Fargo is entitled to exercise its power of sale and to conduct a non-judicial foreclosure with respect to the subject property.

### THIRD AFFIRMATIVE DEFENSE
(Full Satisfaction and/or Excuse from Performance)

3. AS A FURTHER SEPARATE DEFENSE, Wells Fargo has fully satisfied any obligation to plaintiff, contractual or otherwise, and/or has been excused from performance thereof due to the conduct of plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
(Compliance with the National Mortgage Settlement)

4. AS A FURTHER SEPARATE DEFENSE, Wells Fargo is in compliance with the National Mortgage Settlement and it is therefore insulated from liability under the Homeowners' Bill of Rights under the safe harbor provision of Civil Code Section 2924.12(g).

### FIFTH AFFIRMATIVE DEFENSE
(Outside Scope of Authority)

5. AS A FURTHER SEPARATE DEFENSE, any purported misrepresentation by Wells Fargo's employees, agents or representatives was outside the scope of their authority and was neither authorized by, nor ratified by Wells Fargo, nor did Wells Fargo create ostensible authority for such conduct.

## SIXTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

6. AS A FURTHER SEPARATE DEFENSE, any purported oral representation by Wells Fargo's employees, agents or representatives is barred by the statute of frauds.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

7. AS A FURTHER SEPARATE DEFENSE, plaintiff's alleged injuries and damages, if any, were aggravated by plaintiff's failure to use reasonable diligence to mitigate them. As a result, any damages awarded to plaintiff should be reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

(Causation)

8. AS A FURTHER SEPARATE DEFENSE, the complaint and each cause of action contained therein is barred because any alleged harm to plaintiff was proximately caused by plaintiff's own conduct or negligence, or the conduct or negligence of third parties over whom Wells Fargo exercised no control or authority and for whom it has no legal responsibility. Plaintiff's recovery, if any, should be reduced in proportion to the fault of plaintiff and/or such third parties.

## NINTH AFFIRMATIVE DEFENSE

(Estoppel)

9. AS A FURTHER SEPARATE DEFENSE, plaintiff is estopped by action of law or by conduct from maintaining the causes of actions filed in this case.

## TENTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

10. AS A FURTHER SEPARATE DEFENSE, the complaint and each cause of action contained therein is barred because any and all dealings that Wells Fargo had with plaintiff with respect to the matters alleged in the complaint were fully justified by the circumstances and the conduct of plaintiff or others, as to which defendant Wells Fargo has a privilege to protect its interests in the loan, or as otherwise privileged by state or federal statute.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

11. AS A FURTHER SEPARATE DEFENSE, the complaint and each cause of action contained therein is barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE
(Third Party Liability)

12. AS A FURTHER SEPARATE DEFENSE, any obligation of defendant Wells Fargo is reduced in whole or part due to the actions or omissions of third parties which caused plaintiff's damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Setoff)

13. AS A FURTHER SEPARATE DEFENSE, Wells Fargo is entitled to a setoff against any damages by virtue of the debts owed by plaintiff to Wells Fargo.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Superseding Acts)

14. AS A FURTHER SEPARATE DEFENSE, Wells Fargo alleges that plaintiff's surviving claims are barred because plaintiff's current loan situation is entirely of her own making. After all, Wells Fargo initiated a non-judicial foreclosure in conformity with the loan contract and California law, and plaintiff has failed to fulfill her contractual obligations for the past six (6) years. Plaintiff has not made a mortgage payment on the subject loan since November 2009. It should be added that Wells Fargo has been paying the taxes on the subject property because plaintiff is impecunious.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Preemption by the Home Owners' Loan Act)

15. AS A FURTHER SEPARATE DEFENSE, each state law claim against Wells Fargo is preempted by the Home Owners' Loan Act and its implementing regulations.

/ / /

/ / /

SIXTEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees)

16.     Pursuant to the promissory note and deed of trust signed by plaintiff, Wells Fargo is entitled to add its attorneys' fees and costs to the principal balance of the loan at issue.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

17.     Defendant Wells Fargo reserves the right, upon completion of its investigation and discovery, to assert such additional defenses that may be appropriate.

WHEREFORE, defendant Wells Fargo prays for judgment against plaintiff as follows:

1.     That plaintiff take nothing from this action;

2.     That the operative complaint be dismissed with prejudice;

3.     For costs of suit;

4.     For attorneys' fees assessed pursuant to the promissory note and deed of trust that the plaintiff signed; and

5.     For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 11, 2015

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:  /s/ Michael Rapkine
Michael Rapkine
mrapkine@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**ANSWER BY DEFENDANT WELLS FARGO TO THE THIRD AMENDED COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

**Attorneys for Plaintiff**

Aldon L. Bolanos, Esq.
LAW OFFICES OF ALDON L. BOLANOS
700 "E" Street
Sacramento, CA  95814
Tel:  916.446.2800 | Fax:  916.446.2828
Email: aldon@aldonlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **December 11, 2015**.

| Barbara Cruz | /s/ Barbara Cruz |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |